Denio, J.
 

 Notwithstanding the strong language of the provision relating to the effect of the appointment of trustees in proceedings by attachment, I do not entertain any doubt but that a person who is sought to be affected by such an appointment, may raise the question that the officer did not acquire jurisdiction to issue the attachment. It is so upon general principles, and the point has been frequently decided., (2
 
 R. S.
 
 12, § 62;
 
 Matter of Hurd,
 
 9
 
 Wend.
 
 465;
 
 Staples
 
 v.
 
 Fairchild,
 
 3
 
 Comst.
 
 41.) It becomes necessary, therefore, to examine the various objections upon which it was insisted, on the trial that the judge acted without jurisdiction.
 

 (1.) It is argued, in the first place, that the application was not verified by the affidavit of the creditor, as required by the fourth section of the act. (2
 
 R. S.
 
 3, § 4.) The application was in writing, and contained the several matters required to be shown to entitle the creditor to the remedy sought; but instead of the ordinary jurat, there was an affidavit at length indorsed on the application, setting forth and affirming in detail each of the matters of fact set out in the application, which were repeated in the affidavit. This was clearly sufficient. It was not the address of the petition, or its prayer, which were required to be verified; but the allegations of fact contained in it. An affidavit, which should have stated by way of reference that the several matters alleged in the petition were true, would have been clearly unob
 
 *331
 
 jectionablc, and such is the form which the defendant’s counsel considers the proper one. But the mode adopted was the same in substance. The only difference is that the facts were repeated in language, instead of being simply referred to. It cannot be said that the mode adopted does not conform to the statute as truly as the other. The affidavit was a part of the petition, though it did not in terms refer to it.
 
 (Roberts
 
 v.
 
 The Chenango County Mu. Insurance Company,
 
 3
 
 Hill,
 
 501.)
 

 (2.) It is objected that the application is in the disjunctive ; that the debtor had departed from the state
 
 or
 
 was concealed within it, with intent to defraud his creditors; and it is said that the creditor should have stated his case under one or the other aspect, and not in the alternative. The remedy is precisely the same, whether the debtor had absconded or was concealed, no difference whatever existing in the proceedings in the two cases. A case may be so circumstanced that, although it may be conclusively shown that the debtor has left his place of residence in order to defraud his creditors, by depriving them of their remedies, yet it may be impossible even to conjecture whether he has continued his flight beyond the boundaries of the state, or has resorted to some place of concealment in it. The affidavits disclose such a case in the present instance. If the objection is well founded there could be no proceeding under this statute in a case thus circumstanced. The debtor would have only so to conduct his evasion as to make it uncertain which course he had adopted, and he would avoid this remedy. I do not think the statute requires such a construction. The case referred to by the defendant’s counsel implies, that where the circumstances are such that it is doubtful in what particular the defendant’s conduct has brought him within a statute, the creditor has only to state all the facts, without electing which aspect he will adopt. (
 
 The People
 
 v.
 
 The Recorder of Albany,
 
 6
 
 Hill,
 
 429.) In this case, the facts were laid before the officer, not, it is true, in the application, which is not the paper which should contain them, but in the affidavits of the witnesses, where they are required to be stated. ' The precise course was pursued which the court indicate
 
 *332
 
 as the proper one in the case cited. The same considerations apply to the other alternative—whether the debtor's intent was a general one to defraud hi's creditors, or whether it was to avoid the service of civil process. These remarks also answer the objection in this respect which was made to the affidavits of the witnesses.
 

 (3.) It is then argued that the affidavits did not state facts sufficient to make a case upon which the officer could lawfully exercise his judgment. It must be conceded that the case made out was not a strong or very conclusive one; but I think the facts legally tended to support the allegation of absconding or concealment, with the intent alleged. The witnesses concur in stating that the debtor had left his home and place of business to go to an adjoining county, for an alleged purpose, which would .not naturally have required a journey of more than two or three days. He had been absent about six weeks, and nothing had been heard of him. The witnesses, who were his clerk and his brother, had each made diligent search and inquiry for him, and the latter had gone to the county where his pretended business lay, and learned that he had gone west, but where or for what purpose is not stated, and, if the witnesses are honest, could not be ascertained. This was a supicious course of conduct for a merchant, and yet it might possibly be explained in an innocent . sense. The weakest point in the case is the connection of this conduct with the alleged motive, the defrauding of his creditors. It is said in both affidavits that he was considerably indebted to the prosecuting creditor and others, and both witnesses add their belief that his object in going off related to his creditors. It moreover appears that the petitioning creditor's debt was pretty large. The most probable explanation would therefore be the one given in the affidavits, and yet every judge, I should think, would have wished to examine these witnesses a little further, and to have ascertained the proportion which his ready means bore to his debts. It must be kept in mind, however, that the law has committed to the county judge, and not to us, the duty of determining as to the cogency of the proof. The criticisms
 
 *333
 
 which the defendant’s counsel asks us to indulge in would, if generally applied to such proceedings, render them extremely hazardous, not only to the parties setting them on foot, but to the officers concerned in their execution; for when we determine that a sufficient case was not made for the exercise of the judgment of the officer, we must consider the judge and all the parties trespassers in whatever they do. A liberal indulgence must be extended to these proceedings even upon questions of jurisdiction, if we would not render them a snare rather than a beneficial remedy. I am of opinion that sufficient was stated to confer jurisdiction upon the officer.
 
 (Matter of Faulkner,
 
 4
 
 Hill,
 
 598;
 
 Johnson
 
 v.
 
 Moss,
 
 20
 
 Wend.
 
 145;
 
 Miller
 
 v.
 
 Brinkerhoff,
 
 4
 
 Denio,
 
 120.)
 

 • (4.) The defendant offered to show that the witnesses were interested. The statute requires that they should be disinterested, (
 
 §
 
 5.) But there was nothing before the officer to show that they were not perfectly disinterested and indifferent, and I concur with what was said upon that question by Jewett, C. J. in
 
 Staples
 
 v.
 
 Fairchild,
 
 (3
 
 Comst.
 
 41.) He was of opinion that if nothing appeared to show that they had an interest, they were presumed to be disinterested. The officer obtained jurisdiction by means of the written proof laid before him; and that proof being regular, and nothing appearing to draw in question the qualification of the witnesses, it would form an alarming precedent to hold that in a collateral proceeding proof could be given to contradict the
 
 prima facie
 
 case appearing before the officer, when the consequence would be, to render the proceedings wholly void. It is essential to the value and usefullness of this remedy that titles derived under it should be sustained, unless their invalidity could be made apparent by an inspection of the papers. The provisions of section sixty-two appear to me to be intended to effect that object. It is declared by that section that the appointment of trustees shall in all cases be “conclusive evidence that the debtor therein named was a concealed, absconding or non-resident debtor within the meaning of the foregoing provisions, and that the said ap
 
 *334
 
 pointment and
 
 the proceedings previous thereto
 
 were regular.” (2
 
 R. S.
 
 12.) This, as we have seen, does not avoid the consequences of a defect of a jurisdiction on the face of the proceedings ; still it was evidently intended to protect purchasers and-others who have acted upon the faith of the proceedings from all question as to their title, or their acts, arising upon extrinsic evidence. If the title of these trustees can be impeached upon the ground now suggested, the title of a purchaser of real estate from them could be invalidated at any time within the period of limitation, by extrinsic proof that one of the witnesses had a technical interest in the attachment proceeding. This, I think, would be hostile to the main object of the section just referred to. The most plausible ground upon which this objection could be urged, would be to insist that there ought to be affirmative proof before the officer, that the witnesses are disinterested. But the existence of interest is exceptional, and I can see no reason why proof of its absence should be required, which would not apply in, every case where witnesses are required to be disinterested. It was never alleged, while interest was an objection to a witness upon the trial of a cause, that the party to be examined must begin by showing that he was without interest in the issue. Every person not appearing to be connected with the issue is considered disinterested until the contrary appears. I am of opinion that the execution was not well taken.
 

 The remaining question is upon the exception to the ruling of the judge, rejecting an inquiry put to the witness Baker, in which he was asked to state what the goods in question would be worth at a legal sale within a limited time. It is unnecessary to say whether the question might not have been competent by way of cross-examination, if the witness had not already answered a similar question. He had testified as to what in his judgment they would have brought upon a sale at auction, which was substantially the-inquiry which was overruled. It was discretionary with the judge whether he would allow it to be repeated in another form of words.
 

 The judgment of the suppreme court should be affirmed.
 

 
 *335
 
 Edwards, J., also delivered an opinion in favor of affirmance.
 

 Gardiner, Ch. J., and Johnson, SELDEN and Parker, Js., concurred. Allen and Ruggles, Js., did not hear the argument, and took no part in the decision.
 

 Judgment affirmed.