HIRAM SCHOONMAKER et al., Appellants, *v.* JAMES SPENCER, Respondent.

JOHN DERRENBACKER et al., Appellants, *v.* THE SAME, Respondent.

It is the uniform practice of the courts in reviewing proceedings had before a justice of the peace, if possible, to sustain them by every reasonable and warrantable intendment.

In order to give a justice of the peace jurisdiction of an action commenced by attachment, the creditor is not required to furnish conclusive evidence of the facts relied on. It is sufficient if the proof has a legal tendency to make out, in all its parts, a case for the issuing of the attachment; and if the facts and circumstances disclosed fairly call upon the magistrate for the exercise of his judgment, the proceedings are not void. To defeat his jurisdiction it must be made to appear that there is a total want of evidence upon some particular point. The rule is the same, whether the question arises in a direct or in a collateral proceeding. (JOHNSON, C., dissenting.)

An attachment was issued by a justice upon the ground that defendant had departed from the county and State with intent to defraud his creditors. It was founded upon affidavits which, after stating the indebtedness and the grounds of the application, stated, in substance, that defendant bought the goods, the subject of the indebtedness, upon a credit of thirty days, upon a false representation that he was in the habit of purchasing for cash, and that his stock was paid for; that soon after and before the credit expired he departed, and has not since returned; that his stock was running down and disappearing, and that, so far as plaintiff could learn from other creditors, it was all purchased on credit, and not paid for; that defendant's agent refused to do anything toward paying or securing plaintiff's debt; and that, as plaintiff believed, defendant had departed with intent to defraud his creditors, *held* (JOHNSON, C., dissenting), that the proof was sufficient to give the justice jurisdiction.

(Argued March 5, 1873; decided June term, 1873.)

APPEALS from judgments of the General Term of the Supreme Court in the third judicial district, affirming judgments of the County Court of Ulster county, which reversed judgments of a Justice's Court in favor of plaintiffs.

These actions were commenced by attachment under the

provisions of 2 Revised Statutes (p. 230, §§ 26, 27, 28) upon the ground that defendant had departed from the county of Ulster, where he last resided, and from the State, with intent to defraud his creditors.

The only questions presented were as to the jurisdiction of the justice to issue the attachments. The facts pertinent thereto sufficiently appear in the opinion.

*S. L. Stebbins* for the appellants. In an application for a justice's attachment, it is only when there is a total want of evidence upon some essential point that the officer fails to acquire jurisdiction ; and in reviewing these proceedings there must be an exercise of liberality and every warrantable intendment, in order to sustain them. (*Van Alstyne* v. *Erwine,* 1 Kern., 331 ; *Fulton* v. *Heaton,* 1 Barb., 552 ; *Mosher* v. *People,* 5 id., 575 ; *Rosenfield* v. *Howard,* 15 id., 546 ; *Wright* v. *Maseras,* 56 id., 521, 530 ; *Colver* v. *Van Valen,* 6 How., 102 ; *Talcott* v. *Rosenburg,* 8 Abb. [N. S.], 287 ; *Johnson* v. *Moss,* 20 Wend., 145 ; *Matter of Faulkner,* 4 Hill, 598 ; *Cooney* v. *Whitfield,* 41 How., 6.) The jurisdiction of the justice can be sustained on the ground that the affidavit showed that defendant had disposed of some of his property with intent to defraud his creditors. (4 Ed's Stat. at Large, 473, §§ 34, 35 ; 3 R. S. [5th ed.], 462, 463, * §§ 216, 217 ; Code, as amended in 1861, § 53, sub. 4 ; *Firman* v. *Walter,* 13 How., 348 ; *Colver* v. *Van Valen,* 6 id., 102.)

*A. T. Clearwater* for the respondent. To authorize the issuing of an attachment the grounds upon which it is applied for must be supported by such facts as would be received as evidence in the ordinary course of judicial proceedings. (3 R. S., [5th ed.], 430, § 26 ; *Smith* v. *Luce,* 14 Wend., 237 ; *Mott* v. *Lawrence,* 17 How., 530 ; *Field* v. *McVicar,* 9 J. R., 130 ; *Vradenburgh* v. *Hendricks,* 17 Barb., 179 ; *Greene* v. *Gonzales,* 2 Daly, 412 ; *St. Amant* v. *De Beixceidon,* 3 Sandf., 703 ; *Frost* v. *Willard,* 9 Barb., 445 ; *Ex parte Robinson,* 21 Wend., 672 ; 1 T. &. S. Pr., 644 ; 6 Hill, 430 ; *Stewart* v.

*Brown*, 16 Barb., 368; *Firman* v. *Walter*, 13 How., 355; *Perkins* v. *Stebbins*, 29 Barb., 523, and cases cited.) Where a judgment is attacked upon direct review, it is enough to show it merely voidable. (*Skinnion* v. *Kelley*, 18 N. Y., 355; *Staples* v. *Fairchild*, 3 id., 46; *Miller* v. *Brinkerhoff*, 4 Den., 118; *Kelley* v. *Archer*, 48 Barb., 71; *Tallman* v. *Bigelow*, 10 Wend., 420.)

Reynolds, C.   These cases were heard together as one cause as there is no substantial difference between them, and they are in brief this: Suits by attachment were commenced against the defendant before a justice of the peace in Ulster county, upon the ground that he had departed from the county of Ulster, where he last resided, and from the State of New York, to defraud his creditors, and the question is whether the affidavits upon which the attachments were issued gave the justice jurisdiction. Judgments were given for the plaintiff by the justice, which were reversed by the County Court of Ulster county. Upon appeal to the Supreme Court the judgment of the County Court was affirmed, and upon leave duly granted, we have the cases before us for final decision.

The affidavits upon which the attachment in the case of Schoonmaker was issued, sworn to August 3d, 1863, sufficiently stated that the defendant was at the time indebted to his firm upon contract, in the sum of $142.50, and, thereupon, he applied for an attachment on the ground that Spencer had departed from the county of Ulster, where he last resided, and from the State of New York, with intent to defraud his creditors. It is then stated, that on the 17th of June, 1863, Spencer purchased the goods of the plaintiffs to the amount of $142.50 on a credit of thirty days, and upon the false representation that he was in the habit of purchasing for cash only, and that his stock in business was paid for. It is further sworn, that soon after this purchase, and before the thirty days' credit expired, Spencer departed and has not since returned. That his stock in his store or place of busi-

ness was running down and disappearing, and that so far as the plaintiff Schoonmaker could learn from other creditors, it was all purchased on credit and not paid for, and it is further added that the agent of Spencer refused to do anything toward paying or securing the plaintiff's debt, and they believe that the said Spencer departed with the intent to defraud his creditors, and that Schoonmaker & Co. would be in danger of losing their debt unless an attachment issued.

In the case of Derrenbacker, the affidavit showed a demand of $78.30 or more, and that the attachment was applied for upon the same ground as in the case of Schoonmaker. It is added also, that the goods were purchased on the 12th of June, 1863, to be paid for on the first of July, then next. It is then averred, that Spencer then and there falsely represented that he was in the habit of purchasing his goods for cash, and that his stock was fully paid for. That at the time Spencer purchased other merchandise of different persons on credit, and on like representations, and was at the time indebted to more than the value of his property. It was further said in the affidavit of Stephen, in the suit last mentioned, that in the preceding month of June, Spencer left the county on pretence of a few days absence, and had not returned when, on the fourth of August, the affidavit was made. It is then further added that the deponent believed that Spencer continued absent with an intent to defraud. It is to be also said that the defendant did not appear in the Justice's Court, and the judgment of that court in favor of the plaintiff has been reversed for want of jurisdiction, and that is the question we are now called upon to consider.

In order to defeat the jurisdiction of the justice, it must be made to appear that there is a total want of evidence upon some essential point. The creditor is not required to furnish conclusive evidence of the facts relied on, but it is sufficient if the proof had a legal tendency to make out in all its parts a case for the issuing of an attachment, and as the question is one of jurisdiction, I am not able to see why any different rule applies, whether it arises in a direct or collateral pro-

ceeding. The *dicta* to the contrary appear to me ground-
less. If the facts and circumstances disclosed fairly called
upon the magistrate for an exercise of his judgment upon the
weight of the evidence, even if he err, the proceedings will
not be void for want of jurisdiction, no matter in what form
the question is presented. (*Matter of Faulkner*, 4 Hill,
598; *Van Alstyne* v. *Erwine, Sheriff*, 11 N. Y., 331.) This
rule of construction does not appear to have been seriously
questioned for thirty years, but has been reaffirmed and
approved in very many adjudged cases. It has also been the
uniform practice of the courts in reviewing the proceedings
had before justices of the peace, to regard them with marked
indulgence and liberality in the furtherance of the ends of jus-
tice, and, if possible, sustain them by every reasonable and war-
rantable intendment. It appears to me that the Supreme
Court applied a very different rule to the case before us, and
for that, among other reasons, I am not able to concur in the
judgment pronounced. It is supposed that the affidavit upon
which the attachment issued in the case of Derrenbacker is
somewhat feebler than that in the case of Schoonmaker, but
I see no substantial difference, and, in my opinion, both are
sufficient to sustain the proceedings of the justice. There
was no question in either case in respect to the fact of the
existence of the debt. In the one case it was contracted on
the 12th of June, 1863, to be paid on the first of July follow-
ing, and in the other, on the seventeenth of June, upon a
credit of thirty days. The application was made in each
case on the following fourth of August, upon the ground that
Spencer had departed from the county of Ulster, where he
last resided, and from the State of New York, with intent to
defraud his creditors. The affidavit of Schoonmaker states
positively that Spencer purchased the goods "on the false
representations that he was in the habit of purchasing for
cash only, and that his stock in business was paid for." Here,
certainly, is proof that the goods were obtained upon false
representations. It is further added in the affidavit "that
very soon after such purchase, and long before said thirty

days expired, he departed as aforesaid and has not since returned; that the stock in his store or place of business is running down and disappearing." 'It is then added that the stock of Spencer, so far as can be learned from his other creditors, was all purchased on credit and not paid for, and it is further positively averred "that the agent of the said Spencer refuses to sell or turn out any of said stock toward the payment of the demand of H. Schoonmaker & Co., and that the stock of said Spencer on hand is insufficient to pay his indebtedness," and then follows the belief of the deponent that the departure was with the intent to defraud.

The learned judge who delivered the opinion of the Supreme Court could discover nothing in the affidavit inconsistent with the departure of the defendant with an honest intent. It is said, for aught appearing in the affidavit, he may have gone off openly, and was detained by illness, and it seems to have been assumed that a creditor applying for an attachment under such circumstances must clearly negative all suspicion of honesty. This is not the rule, and the assumption has neither reason nor authority to support it. The defendant having contracted debts upon false representations, departs from his residence and place of business, in the county of Ulster, and from the State, and is absent for about six weeks without any explanation. In the meantime, a clerk disposes of the stock in trade; refuses to apply anything upon over-due demands, and the defendant, by the Supreme Court, is supposed, without any proof, to be still on his travels for pleasure or detained by serious affliction. If the facts alleged are not some evidence of departure with a fraudulent intent it will, in my judgment, be difficult to say what evidence will be sufficient for that purpose. It appears to me that the rule adopted by the Supreme Court is precisely the reverse of what the law approves. Everything is assumed in favor of the honesty of the fugitive debtor and nothing to be taken for granted in favor of the unhappy creditor. The learned judge says that every fact stated in the affidavits may be true, and yet the departure of the

defendant may have been honest, and his failure to return caused by failing health or serious illness. In applications for attachments against the property of concealed or absconding debtors under 2 Revised Statutes (3, § 4; id., 13, § 62), it is required that the application of the creditors shall be supported by the affidavits of two *disinterested* witnesses, who verify and support, by facts and circumstances, the grounds of the application. Yet it was held by the Court of Appeals that it need not be affirmatively proved that the witnesses thus relied on were, in fact, *disinterested*. That would be assumed until the contrary was shown. (*Van Alstyne* v. *Erwine, Sheriff*, 11 N. Y., 331.) And I do not see that in this case it is to be assumed that Spencer's departure was with an honest intent, or his continued absence the result of sickness, against facts going strongly to show that he was insolvent, contracting debts upon false representations, and departed from his residence without notice, and remains absent without any explanation.

It appears to me that the Supreme Court gave undue prominence to the fact that there was no positive averment in the affidavit of Spencer's insolvency. Some facts were certainly stated that at least, might tend to move the judicial mind in that direction. The learned judge most truly says, that Spencer may have been abundantly solvent, and yet his stock on hand insufficient to pay his debts, as it does not disclose the debts due, or money or other property owned by the departing debtor. But the question really is, whether, when all the visible means and resources of a departing debtor appear to be insufficient to discharge his obligations, the courts are to assume that he had some invisible means of paying his debts. I think not. No court is required to worry itself to find excuses for a fugitive from debt. And it may be suggested that the question of insolvency, although of great importance, is not controlling. If a perfectly solvent man departs the State with the intent to defraud, his property may be attached.

Another fact seems to have been relied upon, and that

is, that the affidavit does not disclose why the clerk or agent of Spencer refused to apply his property in payment of his debts. This was not required. The fact was that the refusal was made, and with other facts proven in the case, there was some evidence to show that Spencer had some prejudice against discharging his pecuniary obligations.

As has been said, it was assumed that the affidavit in the case of Derrenbacker is the stronger one, or, in the language of the learned judge, that he had "sworn a little stronger," although, as he says, it was apparent that he knew no more than the "defendant in the other case." The printer has probably substituted "defendant" for "deponent," and, I think, the Supreme Court in deciding the case, inverted the rule of legal presumption.

As I am content to rest my judgment upon the weaker affidavit without further argument, it is my opinion that the judgments of the Supreme Court and the Ulster County Court should be reversed, and that of the justice be affirmed with costs.

JOHNSON, C. (dissenting). The Revised Statutes give an attachment to be issued by a justice of the peace, whenever it shall satisfactorily appear to the justice that a debtor has departed or is about to depart from the county, where he had resided, with intent to defraud his creditors, or to avoid the service of any civil process, or that such debtor keeps himself concealed with like intent. (2 R. S., 230, § 26.)

By section 28 it was required that the application should be in writing, and should be accompanied by the affidavit of the creditor or his agent, in which should be specified the "sum claimed," and "the ground upon which the application was founded." It was further required that the facts and circumstances to establish such grounds should also be verified by the affidavits of two disinterested witnesses. This provision was modified by section 35 of chapter 300 of the Laws of 1831, by which it was enacted that, before an attachment should issue, the plaintiff should, by his own affidavit, or that of some other

person or persons, prove to the satisfaction of the justice the facts and circumstances to entitle him to the same, and that the requirement of any other or different proof by the preceding statute should be repealed. The relaxation introduced by this amendment was, that the two disinterested witnesses were dispensed with, and the plaintiff or applicant could, by his own affidavit, make the requisite proof. The same facts and circumstances were still to be proved. The settled construction of the requirements of the statute is, that when the decision of the justice is directly under review, it must appear that the proof adduced was such as judicially to satisfy him of the requisite facts, and that the justice has no right to be satisfied unless upon legal proof of facts and circumstances. (*Smith* v. *Luce*, 14 Wend., 237.)

That a strict compliance with the statute is essential to the protection of the rights of persons proceeded against by attachment is obvious, from the fact that the proceeding before the justice is *ex parte*, and of course there is no opportunity for cross-examination, nor for the introduction of witnesses to overthrow the case of the applicant. He can make proof himself by his own affidavit, and he has the right to the compulsory attendance and examination of any other person. Courts, therefore, are only acting in the spirit of the statute when they require, upon the direct review of such a proceeding, satisfactory proof and not mere surmise nor ground of suspicion of acts on the part of the debtor, subjecting him to this summary and peremptory process. It is their duty to see to it that there is satisfactory proof to support the proceeding.

When the question has arisen collaterally a laxer rule has been held, the jurisdiction of the justice being sustained when there was proof tending to establish the requisite facts, though unsatisfactory in its weight. (*Van Alstyne* v. *Erwine*, 11 N. Y., 331; *Skinnion* v. *Kelley*, 18 N. Y., 355.) Taking all the allegations in both the affidavits as applicable to each case, they do not, in my opinion, amount to a statement of such facts and circumstances, or sustain, by satisfactory

proof, the decision of the justice. One swears that another has departed the State with intent to defraud creditors. This is not proof satisfactory unless the ground be disclosed by which the witness assumes to speak of the party's intent to defraud. If he told him so, that should be stated, and the grounds of his inference, whatever they may be, should be brought to the light to enable the justice to judge of the intent. A man is sometimes allowed to prove his own intent, that being within his own breast, but to make proof of another's intent by direct testimony that he entertained it is going beyond the limit of human knowledge. The only other facts stated are that the debtor purchased a small bill of goods from each of the plaintiffs, on a fixed and short credit; that when he purchased he said he was in the habit of purchasing for cash, and that his stock in business was paid for; that he went away in June, before the credits expired, and had not paid the bills nor returned up to the fourth of August. That, at the time of this purchase, the debtor purchased other merchandise of different persons on credit, and on the like representations; that the stock in his store was running down and disappearing, and was purchased, as the deponent learned, from other creditors, by the debtor on credit, and was not paid for; that Spencer's agent refused to sell or turn out any of the goods to pay the demands of Schoonmaker & Co., and that Spencer was largely indebted to different persons to more than the value of his property in the county. This omitting the epithet false, by which Spencer's alleged representation was characterized, and omitting the statement that the applicants verily believed him absent with a fraudulent intent is the whole so-called proof. There is no pretence of any endeavor to ascertain where Spencer was, or any alleged reason for his absence. There was his clerk or agent who could have been examined, and might probably have given a satisfactory explanation. The purchases from different persons, on representations of some sort, are left to rest on hearsay, as well as what representations he in fact made to such persons, if any. The creditors, from whom the affiants learned

facts deposed to, are not called. His large indebtedness beyond the value of his property in the county, is obviously hearsay and unsupported by any definite statements. Take the statement that his stock was running down and disappearing, it is entirely consistent with daily sales and realization in money by the clerk for his employer. That his clerk would not turn out goods in payment may have been from lack of authority and absence of instructions from the debtor. The whole together, hearsay and all, amounts to no more than a case of suspicion. It might possibly suffice, on a collateral inquiry, to make out jurisdiction and save an officer from liability as a trespasser, but on a direct review it ought to be pronounced unsatisfactory as proof of facts and circumstances to sustain the process.

The judgment of the Supreme Court ought to be affirmed.

All concur with Reynolds, C., for reversal, except Johnson, C., dissenting.

Judgment of General Term and of County Court reversed and judgment of justice affirmed.

# CASES DECIDED

IN THE

# COMMISSION OF APPEALS

OF THE

## STATE OF NEW YORK,

### AT THE SEPTEMBER TERM, 1873.