THE MAYOR, ETC., OF THE CITY OF NEW YORK, RESPONDENT, v. HENRY W. GENET, APPELLANT.

4  487
69  310

*Code, § 229 — affidavit for attachment — when it sufficiently shows non-residence — Domicile and residence — distinction between.*

Upon an application for an attachment on the ground of the non-residence of the defendant, the affidavit is not required to state in positive terms that he is not a resident of the State. It is sufficient when that conclusion is the only one which can be consistently drawn from the facts set forth in the affidavit.

Domicile is the habitation fixed in any place with the intention of always staying there, while residence is much more temporary in its character.

Where, on an application for an attachment, an affidavit was presented showing that the defendant had been indicted and convicted of obtaining, by false pretenses, the money to recover which the suit was brought; that after conviction and before sentence he escaped, and, though the most strenuous efforts had been made to discover his whereabouts, he still continued concealed: *held*, that it sufficiently appeared that he was a non-resident, and that an attachment was properly issued. (DAVIS, P. J., dissenting.)

APPEAL from an order denying a motion to vacate an attachment. The motion was made solely upon the affidavit upon which the warrant was granted.

*Oliver W. West*, for the appellant.

*John E. Parsons*, for the respondent.

DANIELS, J.:

The Code allows an attachment to be issued against the debtor's property in an action on contract for the recovery of money, whenever it shall appear by the affidavit on which the application may be made, that a cause of action exists, and the defendant is not a resident of the State. The affidavit is not required to state in positive terms that he is not a resident of the State; it is sufficient that the fact appears by the affidavit (Code, § 229); and that may as clearly be the case, when the conclusion is the only consistent one which can be drawn from the facts set forth in it, as it would be from a positive statement of the fact itself. What the law requires is, that the fact shall appear by the affidavit produced

on the creditor's behalf; and it does so appear whenever the circumstances set forth are consistent with no other rational conclusion.

The affidavit in this case, although very imperfectly and inartistically drawn, shows that the defendant was tried and convicted, in December, 1873, of the offense of obtaining a portion of the money sued for, by means of false pretenses; that, shortly after his conviction, and before the time fixed for him to receive sentence, he escaped from the custody of the sheriff of the city and county of New York and absconded; and, though the most strenuous efforts have since been made to discover his whereabouts, he still continues concealed. The defendant had been convicted of a grave crime about three months before the attachment was issued, and, to avoid sentence and punishment, escaped from the officer having him in custody, and has ever since remained a fugitive from justice, successfully eluding the efforts of the officers to discover his place of concealment.

The plain and reasonable inference indicated and supported by these circumstances, is, that he at once left the State, in order to place himself beyond the control and power of its officers. Safety could be secured in no other manner; and that being the defendant's object, he would be inclined to attain it in that way, and as expeditiously as circumstances would permit. The supposition that he could remain within the State and be discovered by no one, is incredible, in view of the exertions made to find him. The natural impulse prompting his flight would be at once to place himself out of its limits, and that he must be presumed to have done as soon as circumstances allowed it to be accomplished. And, for the same reasons, it cannot be plausibly supposed that he has ever, since then, returned within its borders. From the time of his escape from the officers, it is to be presumed he has been a fugitive in some foreign State, for that alone could furnish him the security sought by him against their vigilance and efforts to recapture him. And it is not to be supposed that his absence from the State is intended to be voluntarily abridged. The motive that led to his flight will induce him to continue his residence abroad indefinitely, for in no other way can he protect himself from the punishment due to his crime.

These facts and conclusions, which appear by the affidavit on which the attachment was issued, are clearly sufficient to show that the defendant was not a resident of the State when the attachment was issued. . The fact that his family may continue to reside within this State, and that his home or domicile may be here, is not enough, under the circumstances shown, to render him a resident of the State; for a person may have his home or domicile in this State, and be at the same time a resident of another; and, when that is the case, he is subject to the attachment laws as a non-resident debtor. The domicile is the habitation fixed in any place with an intention of always staying there, while simple residence is much more temporary in its character. These subjects were fully examined in the case of Thompson. (Reported in 1 Wend., 43.) His domicile seems to have been in this city. He left it partly on business and partly on pleasure, and remained away until an attachment was issued against him as a non-resident debtor. In delivering his opinion in that case SAVAGE, C. J., said : " It appears to me, the object of the statute was to authorize creditors to prosecute for their debts when their debtors were abroad ; and whether their absence from this State is permanent or temporary, whether it is voluntary or involuntary, the reason for giving this remedy to the creditor is the same. * * * The question, I think, is, where was his actual *residence*, not his *domicile*. * * * The reason why this remedy is given against the property of debtors resident abroad, is equally applicable, whether the debtor is absent permanently or temporarily. No length of residence, without the intention of remaining, constitutes *domicile*. A debtor, therefore, by residing abroad, without declaring an intention to remain, might prevent his creditors from ever collecting their debts." (Id., 45, 46.) The same principle was applied to the case of a debtor who had been absent from this State, from May, 1836, to March, 1837, when he returned on a visit to his family and was arrested as a non-resident. Though his domicile was in this State, it was held, under the circumstances, that his residence was out of it, and for that reason his arrest was sustained. (*Frost* v. *Brisbin*, 19 Wend., 11.) And both these cases have since been approved by the Court of Appeals in *Haggart* v. *Morgan* (1 Seld., 423), where the property of the defendant was held liable to an

attachment as a non-resident of this State, upon a mere absence of three years in New Orleans, where he was necessarily detained in attendance upon a lawsuit. The attachment in the present case was issued under a similar provision of the law to those before the courts in the other cases, and it was properly allowed under the construction which they maintain. While it would have been more formal if the affidavit had in plain terms stated the fact of the defendant's non-residence, that was not indispensably requisite, as long as the circumstances disclosed pointed in the most unmistakable manner to that conclusion. The length of absence cannot be important when it appears, as it does in this case, to have been accompanied with a design of remaining beyond the limits of the State. When he left the State with that intention he became a non-resident, and liable to have his property seized by attachment.

It sufficiently appeared that a cause of action on contract for the recovery of money existed in the plaintiff's favor, although the precise amount of the demand was not clearly defined. The affidavit was hurriedly and most carelessly drawn. That is entirely apparent from its statements and the manner in which they were made. But the public interests should not be jeopardized by dismissing the proceedings in order to secure their correction, as long as the facts required for their support can be reasonably gathered from the affidavit produced.

The order should be affirmed, with ten dollars costs besides disbursements.

Brady, J.:

Although it may be, that it does not appear that the defendant in this action fled from the jurisdiction of this court to avoid the service of civil process, it is not denied that he left for the purpose of preventing the consequences of his conviction for a criminal offense. The effect of such an act must be to deprive the person committing it of his character as a resident. He places himself designedly beyond the reach of the power of the State by leaving its territory, and in terror of its laws. The presumption arising from that circumstance, in reference at least to the exercise of jurisdiction over his property, is, that he does not intend to return. It is not susceptible of any other conclusion consistent with the object

and intent of his flight. He abandons deliberately his residence. It is an unqualified, unconditional act, and one which, as the decision of this court * and the Court of Appeals show, deprived him of the right to review on exceptions the trial by which he was convicted. When a man thus conducts himself, he waives acquired rights which depend upon his presence within the State, or circumstances which warrant its presumption, and is to be treated as if he were not present, and had no rights founded upon that legal attitude. He became, in other words, to all intents and purposes, for the enforcement of remedies, a non-resident of this State. I agree with Justice Daniels that the order should be affirmed.

Davis, P. J. (dissenting):

This motion was made upon the affidavit on which the attachment was granted. Assuming that the cause of action, and the grounds, and amount thereof, sufficiently appear by the affidavit, it is still fatally defective in other respects; and it cannot be upheld without a departure from established rules and practice, greater than the court can be justified in making. Section 229 of the Code provides that a warrant of attachment may be issued when it shall appear by affidavit (amongst other things) that the defendant *" is not a resident of the State, or has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with the like intent."* It is within one of these provisions that the affidavit is claimed to have brought the defendant. But as it is not asserted that he is not a resident of the State, it is essential that it should appear either that he has departed from the State with intent to defraud his creditors, or to avoid service of a summons, or that he keeps himself concealed within the State with like intent. The facts to be established are, either the departure from the State or the concealment therein with intent to defraud creditors, or to avoid service of summons; and if a case is shown from which it appears that he has done one or the other of those things, it is not necessary clearly to establish which of them, for the application may be in the disjunctive and embrace all the alternatives of the section. (*Van Alstyne* v. *Erwine*, 11 N. Y., 331; *The People* v. *The Recorder of Albany,*

* See Matter of Genet, 1 Hun, 292 — [Rep.].

6 Hill, 429; *Morgan* v. *Avery*, 7 Barb., 656.) In *Van Alstyne* v. *Erwine*, the court say : " The remedy is precisely the same, whether the debtor had absconded or was concealed ; no difference whatever existing in the proceeding in the two cases. A case may be so circumstanced that, although it may be conclusively shown that the debtor has left his place of residence in order to defraud his creditors by depriving them of their remedies, yet it may be impossible even to conjecture whether he has continued his flight beyond the boundaries of the State, or has resorted to some place of concealment in it. * * * If the objection is well founded, there could be no proceeding under this statute in a case thus circumstanced. The debtor would have only so to conduct his evasion as to make it uncertain which course he 'had adopted, and he would avoid this remedy." And again the court say : " The same considerations apply to the other alternative — whether the debtor's intent was a general one to defraud his creditors, or whether it was to avoid the service of civil process." That case, as well as the case in 6 Hill, arose under the Revised Statutes, but the provision of the statutes is so nearly identical in language with that of the Code, that no possible reason can be assigned for a different construction. It follows, therefore, that the intent of the debtor may be stated in the alternative, and so may the departure or the concealment, but the facts stated by the affidavit must be such as to show that one or the other of each set of alternatives exists ; that is, a departure from the State or a concealment within it, and an intent to defraud creditors or to avoid service of summons. The intent to defraud creditors or to avoid service of summons, is a question of fact to be established to the satisfaction of the judge, and it has been more than intimated that the affidavit should assert the intent either positively or as matter of belief. (*Miller* v. *Brinkerhoff*, 4 Denio, 120 ; *Genin* v. *Tompkins*, 12 Barb., 265.) Undoubtedly that is the better practice, and should always be adopted ; but as neither the most positive assertion of the affiant, nor the statement of his belief, is sufficient without setting forth facts upon which the judge can legally find its truth, it would seem to follow upon sound principles, that the statement of facts which show the intent so that the judge can be legally satisfied of its existence, ought to be held enough. (*Ex parte Robinson*, 21 Wend., 672.) The affidavit

in this case is barren of any assertion, either positively or on information or belief, that the defendant had departed the State with intent to defraud creditors, or to avoid service of summons, or that he keeps himself concealed therein with intent to do either of those things. Assuming that statement not in strictness to be necessary, the question becomes: Has the affiant stated facts, from which the judge who granted the warrant could lawfully be satisfied that one or the other intent existed, and that defendant had departed the State, or concealed himself within it, to effectuate such intent? All that can be found in the affidavit bearing on the subject, may be briefly stated: First, in the statement tending to show that the indebtedness for which the action was brought, is for moneys fraudulently obtained by defendant, and wrongfully applied to his own use; second, that an indictment for obtaining a portion of the moneys, had been tried in December, 1873, and the defendant had been convicted by the jury; third, that "shortly after his conviction, and before the time fixed for him to receive sentence, he escaped from the custody of the sheriff of the city and county of New York and absconded, and that, though the most strenuous efforts have since been made to discover his whereabouts, he still continues concealed." These statements failed to show whether the defendant had departed from the State, or had concealed himself therein, but they did establish that he had escaped from the custody of the sheriff, and had concealed himself either within the State or elsewhere. They were quite enough to answer one or both of the alternatives of the Code, as to the mere fact of departure from the State, or concealment within it. But did they establish the intent to defraud creditors, as required by the Code, or some other intent — the intent to avoid service of summons, or some other process? In my opinion they show an intent, by flight and concealment, to avoid sentence and punishment under the conviction of crime, and fail to show an intent to defraud creditors, or to avoid the service of civil process.

In *Lynde* v. *Montgomery* (15 Wend., 461), it was held not sufficient to sustain an attachment, to show that the defendant had concealed himself to avoid service of *criminal process*. That case arose upon the statute which allowed attachments to issue from justices' courts, where it was made to appear that the defendant

had kept himself concealed "·with the intent to avoid service of civil process." (2 R. S., 230, § 26.) And the court, holding that the process described in the affidavit was a criminal one, held the attachment invalid, saying: "To sustain the attachment it should have appeared *affirmatively* that the process was a civil process." (*Evans* v. *Saul*, 8 Martin [N. S.], [La.], 247; *People* v. *O'Brien*, 6 Abb. [N. S.], 63, 68; 2 Wait's Pr., 138.) The analogy between the statutes is complete, for the summons mentioned in section 229 of the Code, is clearly the civil process provided for the commencement of actions under the Code.

It is no argument to say that the defendant's departure and concealment were with intent to avoid punishment for crime, and therefore creditors ought in such a case to have the process of attachment. Perhaps so; but the Code has not given it, except in the specified cases, and to add another, is to legislate, which is not the province of the court. It is easy to see that other facts (if they exist) might have been added, which would tend to show that the escape and concealment involved the element of intent to defraud creditors, or avoid service of process, such as the disposing of, or incumbering or attempting to remove property; the failure to meet or provide for debts; the neglect to put any one in charge of property or business left behind; and a variety of incidents of that nature, from which it might be justly inferred that an intent to defraud creditors was coupled with a design to evade punishment of crime; for very clearly, where both exist, the right to the warrant of attachment would not be prejudiced by the fact that the defendant was also evading criminal punishment. With all reasonable desire to uphold the attachment in this case, I find myself constrained to the conclusion that it cannot lawfully be done. My brethren are, however, of opinion that the facts are sufficient to establish that defendant is a *non-resident* of the State, and that the attachment should be held valid on that ground. I cannot agree to that conclusion. The warrant was not sought or granted on that ground. ·There is no assertion of non-residence. The defendant is a fugitive from justice, and the idea of non-residence is based altogether upon a supposed presumption that he has fled to a foreign country or State, and there remains because he would be safer there from the vigilance of the officers from whom he escaped, than in this State.

I am not able to see that such a presumption exists. If official vigilance has been no greater since than at the time of the escape, a presumption based upon it has small ground to stand upon. But the State is large enough to furnish numerous places of concealment, and even the city itself has harbors of refuge, in which criminals may be safe from the search of those who seek diligently *not to find.* In my judgment the facts alleged in the affidavits fail to show *non-residence* as required by the Code, which is, I think, a fact to be *distinctly asserted and affirmatively proved.*

I cannot concur in the affirmance of the order:

Order affirmed, with ten dollars costs and disbursements.