Barnard, P. J.
The complaint states that the defendant collected from various persons “a considerable sum of money, all which sums were the property of the plaintiffs, and they were entitled to the immediate possession thereof,” and that the defendant wrongfully converted the same to his own use. If the money was to be identically delivered to the plaintiff; if the defendant was simply a messenger, having in his possession the defendants money, with the only duty of delivering the same money to the plaintiff, an appropriation of the same would be a wrongful conversion in the fullest sense. Under such circumstances he would have no more power to convert the same than he' would if the property consisted of personal articles other than money. It would certainly be competent, under the complaint, to prove ownership specifically in the money itself, and therefore an attachment is proper as for a conversion of personal property. The affidavit in support of the complaint is not so plain in respect to a conversion. That states that the plaintiff employed the defendant to collect the moneys from persons living in Venezuela. That the defendant collected $3,300, and wrongfully converted the same to his own use. This seems inconsistent with a technical conversion. When, *813 the moneys were received they were not necessarily to be paid in specie, but with other moneys.
But assuming a debt only, defendant admits that the money was misappropriated, and the affidavit avers that this was done to defraud the plaintiff, or that the moneys are concealed with a like intent.
A statement in the disjunctive is proper, where the facts stated show that the case falls under one or another of the two clauses of a statute. Van Alstyne v. Erwine, 11 N. Y., 331.
The order should therefore be affirmed, with costs.
Pratt and Dykman, J., concur.