GEORGE C. BUELL *et al.*, Appellants, *v.* BENJAMIN F. VAN CAMP, Respondent.

*Supreme' Court, Fifth Department, General Term, June 22, 1889.*

*Attachment. Vacating.*—The attaching party, where the moving party, on a motion to vacate an attachment, does not confine the facts alleged in his affidavit to the mere formal parts of the motion, but introduces new matter, will be allowed to read affidavits in support of the order.

Appeal from an order of the special term vacating the attachment on such motion.

*Horace McGuire* for appellants.

*Sawyer & Bullard*, for respondent, the Orleans Co. National Bank.

MACOMBER, J.—The motion to vacate the attachment, which had been procured by the plaintiff, was made ostensibly upon the papers upon which such order of attachment had been granted. The moving party, however, was not content, in making this motion, to confine the facts alleged in his affidavit to the mere formal parts of the motion. On the hearing of the motion, after the reading of the moving affidavits to set aside the attachment, the plaintiffs' counsel, claiming that the moving party had introduced new matter, procured and offered to read affidavits in support of the original order of attachment. This was denied him, as being inadmissible, the court holding that the motion was

made solely upon the original affidavits upon which the
order of attachment had been procured and not upon new
matter. These facts bring up the main question in this
case.

Had the moving party brought before the special term
only the matters alleged in the original affidavits filed by
the plaintiffs, the rule administered would undoubtedly
have been correct; but it appears that other matters were
introduced in such moving, papers of such a character as
would permit the plaintiffs to read affidavits in support of
the order. The attachment was granted to the plaintiffs
upon the ground that the defendant had departed from the
state of New York with the intent to defraud his creditors
and to avoid the service of a summons upon him. The
moving party, the Orleans County National Bank, caused
to be inserted in the affidavits the facts that since the land
had been advertised for sale under the judgment procured
by the bank, the defendant Van Camp had confessed a
judgment for about nine hundred dollars, and that he now
resides on his farm, in that county, with his wife. These
facts tended directly to show that Van Camp had not de-
parted the state to defraud his creditors or to avoid the
service of process upon him. They could have been in-
troduced for no other purpose than to convey to the mind
of the court the fact that he was still a resident of the
county, and was within reach of the process of the court.
This opened the way for the plaintiffs to read the support-
ing affidavits which they presented to the court.

The plaintiff's counsel also offered to read to the special
term an affidavit to show what took place before the
county judge when the attachment was granted, which
was designed to show that the original affidavits of two
witnesses, Jerome and Kelsey, were actually before the
judge granting the order, and were acted upon by the judge,
though copies of them only were attached to the affidavit
made by one of the plaintiffs. The affidavits of those

witnesses were not entitled in this action, it is true, but they were produced before the judge at the time of the granting of the order in question, and were considered by him at the time, as is shown by the rejected affidavit. This affidavit was also competent, and the appellant's counsel should have been permitted to read it. For these reasons, we think that the order appealed from should be reversed with ten dollars' costs and disbursements.

All concur.