As to the proof of death or injury, see Helwig *v.* Mutual Life Ins. Co., 58 Hun, 366; Brink *v.* Guaranty Mut. Accident Association, 55 Id. 606; Delamater *v.* Prudential Ins. Co., 52 Id. 615; Westhoff *v.* Germania Life Ins. Co., 52 Supr. 208.

---

GEORGE C. BUELL *et al.*, Respondents, *v.* BENJAMIN F. VAN CAMP, Appellant.

*Supreme Court, Fifth Department, General Term, December 30, 1889.*

1. *Attachment.   Affidavit.*—An affidavit, upon information and belief, is sufficient to authorize an attachment, when the sources of such information and belief are stated, and the inability to procure the affidavits of the informants is shown.
2. *Same.*—If the affidavits tend to show by legal evidence that the debtor has left the state either with intent to defraud his creditors, or to avoid the service of a summons, it is sufficient to sustain an attachment.

Appeal from an order of special term, denying the defendant's motion to vacate an attachment obtained by the plaintiffs upon the property of the defendant, the motion being made solely upon the papers on which the original order was granted by the county judge.

*Horace McGuire*, for respondent.

*David N. Salsbury*, for appellant.

MACOMBER, J.—These are the same affidavits which we had before us on the appeal from an order in this action, in which

our decision is reported in 6 N. Y. Supp. 365; 24 N. Y. State Rep. 866.

There, the motion was made in behalf of the Orleans County National Bank, a subsequent lienor who intervened in this action for the purpose of making such motion. On appeal it was decided, among other things, that upon the hearing of that motion at special term the plaintiff's counsel should have been permitted to read an affidavit showing that the county judge, when he granted the warrant of attachment, actually had before him the original affidavits made by Mr. Jerome and Mr. Kelsey, and that such original affidavits were acted upon by the judge, though only copies of them were attached to the plaintiff's papers. We there held that they were admissible, even though they were not entitled in this action. This question, among others, is sought to be raised again upon this appeal, but it is not necessary for us to recur to that branch of the case, because in the order here appealed from it is expressly stated that the originals of the Jerome and Kelsey affidavits were before the county judge on this application.

The appellant Jerome was a brother-in-law of the defendant, living opposite him. His affidavit shows that Van Camp had gone away without the knowledge of his neighbors; that after he had been gone several days his wife had a letter from him which caused her much grief; that she refused to tell his whereabouts; that none of his family knew of his intention to leave the state, or where he was, until they received the letter. This is not hearsay evidence, but is given upon the knowledge of Jerome, positively sworn to. Upon information and belief it was stated that Mrs. Van Camp had told her sister that her husband was in Canada, although she refused to divulge it to Jerome. A proper excuse is given for the failure to get Mrs. Van Camp's affidavit to that effect. Evidence must be considered and should be deemed sufficient, though given upon information and belief, where the sources of the information are given and inability to procure the affidavits of the informants is proved.

Kelsey's affidavit shows that Van Camp had been called upon to account, as executor, by citation returnable the day he left the state, and that instead of appearing · upon that citation and filing his accounts, he absconded, and that he had been removed from his trust. Both of these affidavits taken together show, with reasonable certainty, that Van Camp had left the state with the intent to avoid the service of process, or to defraud his creditors. The intent with which the defendant departed the state must be derived from the circumstances attending such flight, which, in this instance, point with much clearness to a purpose on his part to elude processes of the courts.

In the absence of a clear explanation of the conduct of the defendant, he must be held to have intended exactly what any reasonable person would have believed upon the evidence here presented. We think that the affidavits tended to show by legal evidence that Van Camp had left the state, either with the intent to defraud his creditors, or to avoid the service of a summons.

It is sufficient to sustain the attachment if the affidavits show that the intent to do either of these acts existed. Van Alstyne v. Erwin, 11 N. Y. 331.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BARKER, P. J., and DWIGHT, J., concur.

---

## NOTE.

See further, Hallock v. Camp, 55 Hun, 1; Buell v. Van Camp, 119 N. Y. 160 ; Crowns v. Vail, 51 Hun, 204 ; Kokomo S. B. Co. v. Inman, 53 Id. 39 ; Haebler v. Berhnarth, 115 N. Y. 459 ; Wenzell v. Morrisey, Id. 665 ; Westervelt v. Agricultural Society, 58 Hun, 147 ; Taylor v. Hall, 56 Id. 90 ; Head v. Woolner, 53 Id. 615 ; Manfr's Nat. Bk. v. Hall, 60 Id. 466 ; 129 N. Y. 663 ; Scott v. Beaudet, 62 Id. 50 ; Dinturff v. Tuthill, 62 Id. 591 ; Gribbon v. Gauss, 45 N. Y. St. Rep. 825 ; Globe Yarn Mills v. Bilbrough, 46 Id. 273 ; Norfolk & N. B. H. Co. v. Arnold, Id. 491.