·(57 App. Div. 173.)

## COX et al. v. SAMMIS.

·(Supreme Court, Appellate Division, Second Department. January 25, 1901.)

.1. APPEAL—STATUTES—TECHNICAL DEFECTS—SUBSTANTIAL JUSTICE—ANOTHER
ACTION PENDING—DISMISSAL.

Under Code Civ. Proc. § 3063, declaring that the appellate court must
render judgment according to the justice of the case, without regard to
technical defects which do not affect the merits, a judgment in favor of
plaintiff will not be disturbed on the ground that another action for the
same cause was pending when the action in which the judgment was
rendered was commenced, where it appears that the first action had in
fact been discontinued before commencement of the second, though the
justice's entry of discontinuance might not have been technically correct.

·2. SAME—ADMISSION OF EVIDENCE—HARMLESS ERROR.

Under Code Civ. Proc. § 3063, declaring that the appellate court must
render judgment according to the justice of the case, without regard to
technical defects not affecting the merits, where, on a trial before a jus-
tice, letterpress copies of letters were admitted in evidence over the objec-
tions of defendant on the ground that the notice to produce the originals
had been served on defendant's counsel, while defendant appeared as his
attorney,—the judgment in justice court being in favor of defendant, and
the contract, which the copies were introduced for the purpose of showing,
appearing from other proper evidence,—such error, if any, was harmless.

3. SAME—LANDLORD AND TENANT—NOTICE TO QUIT.

Where a tenant's term terminates at a particular time, it is not necessary
that the landlord should give him notice to quit, in order to maintain pro-
ceedings for eviction after expiration of the term.

4. SAME—EVICTION—EVIDENCE.

Where a contract of lease for one year had expired at the time eject-
ment proceedings were commenced, and the landlord had served notice
to quit before the expiration of the lease, and given the tenant no reason
to believe that the right of ejectment had been waived, a judgment in
favor of the tenant was erroneous.

Appeal from special term.

Action by Frances C. Cox and others against Richard A. Sammis.
From a judgment and order reversing a justice's final order in favor
·of defendant in summary proceedings to eject defendant from certain
premises which he occupied as tenant, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, and JENKS, JJ.

George B. Stoddart, for appellant.
Edward S. Seidman, for respondents.

WOODWARD, J. The petitioners instituted this proceeding to
·evict the tenant, who was alleged to be holding over, without the con-
sent of the landlord, under a parol lease of the premises described in
the petition for a term of one year. Upon the trial the parties, after
introducing evidence, both moved the court to direct a verdict in
their favor. The motion of the landlord was denied, and that of the
tenant granted. The matter was appealed to the county court of
Nassau county, where the judgment was reversed; the learned court
holding that the tenant was in possession of the premises under a
lease for one year, and that "said tenant (respondent) holds over and
·continues in the possession of the said farm without the permission
and against the will of the said landlords (appellants) after the ex-

piration of the said term, and that no action or proceeding between the same parties for the same cause was pending in any court at the time the proceeding below was begun." From the judgment of the county court, appeal comes to us.

The appellant urges that a proceeding had been commenced before Justice Franklin, of Oyster Bay, by the landlords in this proceeding, and that such proceeding was still before the court. But it appears from the record that the proceeding before Justice Franklin had been discontinued before the present proceeding was commenced; and, while the entry made by the justice may not be technically accurate, there is no reason to doubt that the original proceeding had been discontinued. Section 3063 of the Code of Civil Procedure warrants the appellate court in disregarding technicalities of this character.

Upon the trial before the justice, certain letterpress copies of letters were admitted in evidence over the objections of the tenant; it being insisted that as the notice to produce the originals had been served upon the tenant's counsel, while the tenant himself appeared in the proceeding as his attorney in person, no proper ground had been laid for their admission. As the judgment in the justice's court was in favor of the tenant, we are unable to discover that the error, if it was error, could have any particular bearing upon this appeal, particularly as the learned court finds the evidence of the contract in the letters which were admitted in evidence without objection, without any reference whatever to the letterpress copies. The Code of Civil Procedure insists (section 3063) that "the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits"; and it can hardly be said that the admission of evidence admitted to be competent, except for a mere quibble on the part of the tenant, whose counsel had notice to produce the original letters, can affect the merits of the case, where the original judgment was in favor of the tenant. It is plain, from the evidence admitted without objection, that there was a contract between the parties for a period of one year; that the term ended on the 1st day of April, 1900; and that the defendant has remained in possession of the premises since that time, in spite of every effort on the part of the petitioners to eject him. The justice of the case demands that he shall not be permitted to take advantage of his own wrong to continue in possession of the property during another year. The authorities uniformly hold that notice is not necessary to a tenant whose term is to end at a certain time, for in that case both parties are apprised of their rights and duties. In the case of Adams v. City of Cohoes, 127 N. Y. 175, 28 N. E. 25, the court say:

"In tenancies for a term fixed by the lease or by law for the want of a valid lease as to the term, the rights of the parties are determinate. The landlord in such lease has the right of an election. He may, if the tenant does not vacate the premises at the end of the term, treat him as a wrongdoer, and bring ejectment, or take summary proceedings under the statute to remove him from the premises; and he is not required, before doing so, to serve the tenant with any notice to quit,"—citing authorities.

In the matter now before us the landlord did serve notice to quit before the expiration of the lease, and has given the tenant no reason

to believe that the right of ejectment had been waived. Under these circumstances, a judgment in favor of the tenant, which in effect confirms his right to another year of possession of the premises, cannot be in accord with the justice of the matter, and it was the duty of the county court to reverse the judgment.

There being no issue raised in the proceeding, excepting the claim on the part of the tenant that his term has not expired, and it being determined herein to the contrary, judgment absolute, awarding possession to the landlords, is rendered, with costs. All concur.