### REYNOLDS v. COHEN.

(Supreme Court, Appellate Division, Second Department. January 24, 1902.)

APPEAL—HARMLESS ERRORS.

    Where a lease obligated the lessee to keep the premises in good order and pay the water rates, but it appeared that water rates amounting to $144 were left unpaid, and that it was necessary for the lessor to expend $76 in removing refuse from the premises, and $69 in necessary repairs, and the court rendered judgment against the lessee for $348,—substantial justice appearing to have been done,—the judgment will not be reversed for technical objections not going to the merits, under Code Civ. Proc. § 3063, requiring the appellate court to render judgment according to the justice of the case, without regard to technical errors not affecting the merits.

Appeal from municipal court.

Action by William T. Reynolds against Bernard Cohen. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Belfer & Flash, for appellant.
Edmund R. Terry, for respondent.

WOODWARD, J.   Substantial justice appears to have been done in the present case.   We are admonished by section 3063 of the Code of Civil Procedure, which governs in cases of this character (section 1367 of the Greater New York charter), that "the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." The plaintiff's cause of action comes to him by assignment from Henry D. Brookman, deceased, who was the lessor of certain premises in the city of New York to the defendant.   The lease, which is in writing, provides that the lessee shall pay the rent reserved monthly in advance; that he shall conform to all municipal regulations. affecting the premises, keep them in good order and repair at his own cost and expense during the demised term, and also pay all water rates or charges for the use of water.   The evidence establishes that the water rates, aggregating $144.90, were left unpaid; that it was necessary to expend $76 to remove the refuse from the cellar, which was in a foul condition; and that $69 in repairs were made to the windows and doors, which the defendant himself admits were, after the repairs, in substantially the same condition as when he entered into possession of the premises.   The learned court below rendered judgment for $348.35, and. the defendant appeals to this court.

The principal contentions of the defendant involve the admission and rejection of evidence, and he invokes highly technical rules, having no substantial bearing upon simple questions of fact, such as were here under consideration, in support of his appeal.   We have examined them, as well as the authorities cited in support of the rules, and we are of opinion that they are not controlling here, and that the judgment should be affirmed.

The judgment appealed from should be affirmed, with costs.   All concur.