(71 Misc. Rep. 107.)

### READ et al. v. BINGHAM et al.

(Chautauqua County Court. February, 1911.)

TRIAL (§ 412*)—RECEPTION OF EVIDENCE—WAIVER OF OBJECTIONS.

　　Where, in an action on a note against guarantors of its payment, the instrument containing the guaranty is offered by plaintiffs, and excluded on objection by defendants, a judgment for plaintiffs should not be reversed for subsequent admission of parol evidence to establish the guaranty.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 974–977; Dec. Dig. § 412.*]

Appeal from Justice Court.

Action by Alvin W. Read and others against Adelbert Bingham and others. Judgment for plaintiffs before a justice, and defendants appeal. Affirmed.

Vernon E. Peckham, for appellants.
Erastus Crosby, for respondents.

OTTAWAY, J. This is an appeal taken from a judgment of a justice of the peace of the town of Poland, county of Chautauqua, entered pursuant to a verdict of a jury in favor of the plaintiffs. Pursuant to appropriate allegations contained in their complaint, the plaintiffs ought to recover a sum of money of the defendants upon the following alleged facts:

By an instrument in writing the plaintiffs had constituted the defendants their agents to sell certain agricultural implements in a specified territory; the defendants agreeing, among other things, to sell said implements and to become liable as guarantor of all sales and payment at maturity of all notes taken on sales, whether their names appeared on the notes so taken or not. Pursuant to this arrangement a sale was made by the defendants to one Gribbon, and a note taken for the purchase price payable to the order of the defendants. Subsequently this note was indorsed by the defendants and forwarded to the plaintiffs. This note was not paid at maturity, and an action was commenced by the plaintiffs to recover the amount of the note of the defendants. Upon the trial of the action in justice's court, both the plaintiffs and the defendants were represented by attorneys of learning and repute. The justice before whom this case was tried apparently was unlearned in jurisprudence and unfamiliar with the rules of evidence. He permitted the admission of the note in evidence, but, under the objection of defendants' counsel, declined to receive in evidence the written instrument constituting the defendants the agents of the plaintiffs, and containing the provision in reference to guaranty. Again and again this instrument was offered by the attorney for the plaintiffs during the trial of the case. Each time it was offered it was objected to by the attorney for the defendants; the objection being promptly sustained by the justice. In extremity, the attorney for the plaintiffs gave oral evidence that the defendants, at the time of the transfer of this note to the plaintiffs, guaranteed its payment.

To demonstrate the error of this ruling on the part of the justice,

the defendants' counsel placed one of the defendants on the stand, who testified that the instrument offered by the plaintiffs and objected to by the defendants was the written contract of agency beween plaintiffs and defendants; and, upon cross-examination of one of the plaintiffs, he elicited the answer that the defendants never guaranteed the payment of the note in question, only as they guaranteed it by this written instrument. After this testimony the plaintiffs again offered this instrument in evidence, the defendants' attorney objected, and the justice again sustained his objection. The case ultimately reached the jury, who rendered a verdict in favor of the plaintiffs. The defendants now seek by this appeal to reverse the judgment entered herein, upon the ground that there is no legal evidence to sustain the recovery. The instrument offered in evidence by the plaintiffs was marked for identification and was produced upon the argument of this appeal.

The defendants are not entitled to the relief demanded. The instrument offered by the plaintiffs was competent evidence. Its rejection was caused by the defendants. This induced the plaintiffs to resort to secondary evidence. The defendants criticise the introduction of this testimony. They seek to take advantage of a condition which they themselves created. They would take advantage of their own wrong to the detriment of the plaintiffs. Section 3063 of the Code of Civil Procedure was enacted for the purpose of meeting and determining questions arising under like conditions. It requires the appellate court to render judgment according to the justice of the case, without regard to technical errors or defects that do not affect the merits. There is some evidence in the record that the defendants guaranteed the note in question. If this evidence is not the best evidence of that fact, the defendants themselves prevented the introduction of such evidence, and they cannot now complain of the quality of evidence produced. In the determination of controversies involving small amounts, litigants are obliged to apply to courts of justice of the peace in their localities. These magistrates are frequently unlearned in prescribed procedure, and the courts are indulgent in the review of their determinations. Unless some vital error has been committed, their judgments will be sustained. Bell v. Moran, 25 App. Div. 461, 50 N. Y. Supp. 982.

Litigants will not be permitted to take advantage of their own wrong, especially where they are represented by able counsel in the trial of the case. Cox v. Sammis, 57 App. Div. 173, 68 N. Y. Supp. 203. It is the uniform practice of courts reviewing the proceedings had before a justice of the peace to review them with indulgence, and to sustain them by every reasonable and warrantable intendment. Schoonmaker v. Spencer, 54 N. Y. 366; Reynolds v. Cohen, 68 App. Div. 642, 74 N. Y. Supp. 191; Jackson v. Helmer, 73 App. Div. 134, 77 N. Y. Supp. 835; McRavy v. Barto, 114 App. Div. 262, 99 N. Y. Supp. 712. The jury having determined the facts upon the evidence produced for their consideration in favor of the plaintiffs, under well-established rules, it becomes the duty of this court to affirm their determination, disregarding technical objections to the admission of testimony not affecting the merits.

Judgment affirmed, with costs to the respondents.