## SKINNION *v.* KELLEY.

Upon an application to a justice of the peace for an attachment, slight evidence was presented of an intent on the part of the defendant to defraud his creditors: *Held*, although the evidence was so insufficient that the action of the justice would be reversed upon a direct proceeding to review it, the process is to be deemed valid when attacked in a collateral action.

In such cases the process is not to be held void if the magistrate had before him evidence legally tending to establish the jurisdictional fact, and requiring the exercise of his judicial judgment as to its cogency.

APPEAL from the Supreme Court. Action for taking certain personal property of the plaintiff. The defendant justified under an execution against the plaintiff, issued upon a judgment rendered by a justice of the peace, in an action commenced by attachment. The affidavits on which the attachment was allowed were sworn November 18th, 1853, and stated that Skinnion owed other debts than that to the applicant, the defendant in this case; that he was a tenant of the applicant, and had raised that season a good crop of grain — oats, corn, buckwheat and wheat — and had cut some twenty-six tons of hay; that he had disposed of and removed the greater part of the hay, and over four hundred bushels of oats and sixty bushels of buckwheat; that persons were engaged in removing the hay and grain; that not more than four tons of hay could then be found on Skinnion's premises, no wheat or buckwheat, but thirty or forty bushels of oats, which Skinnion said belonged to another man; that Skinnion had been often requested to pay and refused so to do, and plainly told deponent that he did not know whether he should pay him or not; that Skinnion had in his possession a wallet, which had the appearance of being well filled with bank bills. Upon the trial at the Otsego circuit, the judge decided that the affidavits were insufficient to give the justice jurisdiction to issue the attachment, and excluded

evidence of the subsequent judgment and execution. The defendant excepted. The plaintiff had a verdict and judgment, which having been affirmed at a general term in the ixth district, the defendant appealed to this court.

*Lyman Tremain*, for the appellant.

*Thomas Smith*, for the respondent.

JOHNSON, Ch. J.   The attachment, the validity of which is collaterally attacked in this action, was issued under sections 34 and 35 of the act to abolish imprisonment for debt (*Laws of* 1831, *ch.* 300 ), as amended by chapter 107, of the Laws of 1842.   To authorize an attachment under those sections it must, among other requisites, satisfactorily appear to the justice that the defendant is about to remove from the county any of his property, with intent to defraud his creditors, or has assigned, disposed of, secreted, or is about to *assign, dispose of or secrete any of his property with the like* intent.   The plaintiff, by his own affidavit or that of others, must, before the attachment can be issued, prove to the satisfaction of the justice, the facts and circumstances to entitle him to the same.

In this class of cases, where facts are preliminarily to be proved as the basis of the right to employ the process, if the proof has a legal tendency to make out the case required by the statute, although it be so slight and inconclusive that, upon a direct proceeding to review it, the magistrate's action would be reversed, yet in a collateral action the process will be deemed valid.   It will be so deemed because the justice, having proof presented to him, and being required by law to determine upon the weight of the proof, has acted judicially in making his determination.   His decision may be erroneous but is not void. (*Miller* v. *Brinkerhoff*, 4 *Denio*, 118; *Van Alstyne* v. *Erwin*, 1 *Kern.*, 331.) With what liberal indulgence to officers and parties courts

Skinnion *v.* Kelley.

judge, even upon such jurisdictional questions, and the ground of policy on which that course rests, are shown in the last case cited.

The only point in which a defect of proof can be claimed to exist in this case respects the intent to defraud creditors. Certainly, the proof presented was not strong, and upon a direct proceeding to review the action of the justice in issuing the attachment, it would not be held sufficient. But coming up in this collateral way it seems to me that there was proof upon the point of intent, which presented to the justice a case for the exercise of his judgment as to its cogency. It was proved that the debtor was a farm tenant of Kelley; was indebted to him and to other persons, and had been frequently applied to by him for payment, and as frequently had refused it; had removed most of his farm crops and disposed of them; appeared to have money in his possession, and not only still refused to pay presently, but added that he did not know whether he should pay or not. These circumstances, with others corroborative of them and of the same nature, although they were far from conclusively proving an intent to defraud creditors, still tended that way. They, no doubt, created a conviction in the mind of the creditor and the justice that such was the purpose of the debtor, and we cannot say they were so completely without force as proof as to render the proceeding of the justice utterly void, and the party a trespasser in availing himself of the process which the justice awarded.

The judgment must be reversed and a new trial ordered.

SELDEN, J., expressed no opinion; all the other judges concurring,

Judgment reversed and new trial ordered.