EDWARD L. RIPLEY AND ANOTHER *v.* FREDERICK HAZELTON AND OTHERS.

Where a party is induced to enter into a contract by fraudulent representations made by the other contracting party, the contract is vitiated from the beginning, and on proof of such representations, the party stands in the same position as though the contract had not been made, and he is only required to make the objection when any claim is made upon him under the contract.

The necessity of notice upon the recission of a contract exists only when the party rescinding has received some benefit or advantage from the contract, which he must surrender before he can claim to rescind. But where neither party has taken any action under the contract, and neither has made any demand upon the other for its fulfilment, the reason of the rule fails to apply, and no notice of recission is necessary.

A judgment entered upon the dismissal of the complaint in another action between the same parties for the same cause of action, is not a bar to the commencement of a new action on the same grounds, against the same parties.

SPECIAL TERM—February 28, 1870.

MOTION for judgment on demurrer to an answer.

The action was brought on an agreement, which was set out in full in the complaint. Its substance was, that the defendants agreed to give the plaintiffs the exclusive agency for the sale of the defendants' pianos in California and Nevada, so long as the plaintiffs complied with the terms of sale, which were to be six months' credit on interest, and that in the event

of a change of the terms of sale, that the plaintiffs should have the preference of all other piano dealers in San Francisco. The plaintiffs claimed $15,000 damages for the violation of the agreement. The defendants, in their answer, (1) admitted their partnership and denied any knowledge or belief in regard to any other averment in the complaint; (2) alleged that the agreement upon which the suit was brought was obtained from them by fraudulent representations; and (3), that an action is pending in the Supreme Court between the same parties for the same subject matter. The plaintiffs demurred to the two last defenses for insufficiency in not severally stating facts suf-' ficient to constitute defenses.

*A. Requier*, for plaintiffs.

*Hammond & Pomeroy* and *James Emott*, for defendants.

VAN BRUNT, J.—The demurrer to the first defense set up in the answer herein must be overruled.

The necessity of notice upon the recission of a contract exists only, as I understand the law, when the party rescinding has received some benefit or advantage from the contract, which he must surrender before he can claim to rescind. He must put the other party in the same position he occupied before entering into the contract.

But in a case like the present, where neither party has taken any action whatever under the contract, and neither has made any demand upon the other for its fulfilment, the reason of the foregoing rule fails to apply. There is nothing to be done by either party to place the other in the same condition he was in before the contract was made. Fraudulent representations which induce a party to enter into a contract, vitiate it from the beginning, and such party, when such representations are established, stands in the same position as though the contract had never been made, and is only required to make his objection when any claim is made upon him under such contract. The second ground of demurrer is well taken.

The allegation in the answer in brief is, that the plaintiffs commenced a suit in the Supreme Court against the defendants

for the same cause of action, which resulted in a judgment in favor of the defendants.

If the allegation had stopped here the answer would have been a good one. But it goes on and makes the judgment-roll in that action a part of this portion of the answer by annexing a copy of the same as a schedule. Upon an inspection of that roll, it appears that that action was tried before a jury, and that the judge *dismissed the plaintiffs'* complaint, and that a judgment was entered upon such dismissal, such a judgment would be no bar to the commencement of a new action.

The demurrer as to this defense must therefore be sustained.

Ordered accordingly.