### ULRIC DE COMEAU *v.* THE GUILD FARM OIL COMPANY.

A sale and assignment of shares of the capital stock of a corporation, attended by a delivery of the certificate, vests in the vendee the title to the stock, notwithstanding a provision contained in the certificate that the stock was transferable only upon the books of the company.

Hence the service of an attachment against the assignor by the sheriff on the officers of the company, after such assignment, vests no equity in the sheriff, and the company cannot refuse, on the ground of such attachment, to make a transfer on its books to the vendee. And for such a refusal the company is liable to the vendee for the value of the stock.

APPEAL by the defendant from a judgment entered upon the report of a referee.

On the 1st of May, 1865, Edward Flash was the owner of twenty-six hundred and twenty-five shares of the capital stock of the defendants and was credited with that amount of stock upon their books.

Fifteen hundred of these shares of stock were represented by three certificates of five hundred shares each, numbered respectively 59, 60 and 62.

These certificates were in the following words and figures, to wit: " This is to certify that Edward Flash is entitled to five hundred shares of the capital stock of The Guild Farm Oil Company, transferable only on the books of said Company by him or his attorney, upon the surrender of this certificate.

" In witness whereof, &c."

On the said 1st day of May, 1865, Edward Flash, for value received by him from the plaintiffs, sold and assigned, in the manner and form prescribed by the rules and regulations of the

corporation, the said fifteen hundred shares of stock and the said three certificates to the plaintiff, the assignments being endorsed on the certificates, and therein and thereby constituted the said plaintiff his attorney, irrevocable, to make the proper transfer of said stock on the books of the company, and delivered the certificates and assignments to the plaintiff.

On the 2d day of February, 1866, and before the defendants had any notice that Edward Flash had sold the fifteen hundred shares of stock, the Sheriff of the City and County of New York presented to the defendants a warrant of attachment, issued out of the Supreme Court, against the property of Edward Flash, and the sheriff left a notice with the president of the defendants, that he, by virtue of said warrant of attachment, did attach twenty-six hundred and twenty-five shares of the Guild Farm Oil Company belonging to the said Edward Flash. The defendant then delivered to the sheriff a certificate signed by its president, certifying that there were twenty-six hundred and twenty-five shares of its capital stock standing upon the books of said company in the name of Edward Flash, which certificate was true in fact, there being, including the shares in question, so many shares thus standing.

On or about the eleventh day of February, 1866, the plaintiffs presented the said three certificates, and the assignments thereof, to the corporation, and offered to surrender the same to the corporation, and then and there demanded a transfer of the stock to the plaintiffs on the books of the company, which the defendants refused to do, and refused to issue to the plaintiffs any certificates. The defendant refused to make or permit the transfer of the stock to be made upon the books of the company to the plaintiff, on the grounds of the service of the said attachment, and the plaintiffs commenced this action to recover the value of the stock. The action was tried before a referee, who reported in favor of the plaintiffs, and from the judgment entered upon said report the defendants appealed to the general term.

*B. F. Watson*, for appellant.

*G. W. Cotterill*, for respondent.

By THE COURT.—VAN BRUNT, J.—Upon the trial of this action before the referee, and on the argument of the appeal in this court, the question of the validity of the attachment issued against Edward Flash was presented, but we do not think it necessary to pass upon this question in deciding this case. The principal question to be determined is, were the defendants justified in their refusal to transfer the fifteen hundred shares of stock because of the service of the warrant of attachment issued against the property of Edward Flash. It was claimed by the defendants, upon the argument, that because the certificates of stock which were sold and delivered by Edward Flash to the plaintiffs, bore upon their face the provision that the stock therein represented could be transferred only upon the books of the company, upon the surrender of the certificate, that the plaintiff could acquire no title whatever, legal or equitable, to the stock until such transfer had taken place.

The law of this State, as settled by the decisions of the courts, is contrary to this proposition.

The cases in this State hold that, notwithstanding a provision contained in the charter of the company itself, that the stock shall be transferable only on the books of the company on the surrender of the certificate, an assignment of the stock, attended by a delivery of the certificate, is valid as between the parties to it, and vests in the vendee the equitable title to the stock, and the right to be substituted upon the books of the corporation as the legal holder of it. Had the plaintiffs in this action, on the same day of the assignment of the stock to them, demanded the formal transfer of this stock upon the books of the defendants, they would have asked for nothing but their legal rights, and an action could have been maintained for the refusal (*Bates* v. *New York Insurance Co.*, 3 Johns. Cases, 238 ; *Bank of Utica* v. *Smalley*, 2 Cow. 770 ; *Stebbins* v. *Phœnix Fire Insurance Co.*, 3 Paige, 350 ; *Commercial Bank of Buffalo* v. *Kortwright*, 22 Wend. 348 ; and affirming same case, 20 *Id*. 93).

These cases hold that the assignee and holder of the scrip or certificate of stock is the holder of the stock as against the assignor, and as against all persons not having a prior equity

and the legal title, is only not transferred as respects the corporation, and for its protection. The corporation, until such transfer has taken place, may recognize the seller as such owner by so far as the payments of dividends, and the giving him, in the conduct of the affairs of the corporation, the rights of a stockholder, are concerned.

It has been expressly held, in the cases cited, that the sole object and purpose of this formal transfer is to protect the corporation to this extent, and that the provision does not in any manner interfere with the rights of ownership as between the original stockholder and his vendee. Thus it would appear that, as between the parties to the sale and third persons, the same effect is given to a conveyance of stock outside of the books as is given by law to the assignment of choses in action, or rights not negotiable.

It is true that in Massachusetts (see *Fisher* v. *Essex Bank*, 5 Gray, 383, and cases there cited) a different rule prevails; but we cannot follow the principles adopted in those cases, without directly overruling the cases in our own courts, and the rule of our own State would seem to be the most just and equitable.

In this case it is claimed that the defendants were merely stakeholders; but it is difficult to see how they could be stakeholders, when, as we have seen, by the law of this State, there was only one party who had any right whatever as owners of the stock, of which they claimed to be merely stakeholders.

The plaintiff in this action, in May, 1865, had become the purchaser of this stock, and at that time held all the muniments of title thereto, and would have been entitled at that time to demand from the defendants a transfer of the same.

This right could be defeated only by some person who had a prior equitable title to this stock, and the sheriff, under an attachment issued after the purchase and assignment of the stock to the plaintiffs, certainly does not acquire any such prior equity. He, by the levy of such an attachment, could not acquire any better or greater title to the stock, than a person would have done who had purchased this stock of the person in whose name it stood on the day of the levy of the attach-

ment; and the principle is well settled in this State that such a purchaser would not acquire any interest whatever as against a prior purchaser for value. It seems to be clear, therefore, that the plaintiffs had a perfect right to demand the transfer of the stock to them, and that the defendants subjected themselves to this action by their refusal to accede to the demand.

The judgment must be affirmed.

Judgment affirmed.