Allen v. Meyer.

PHŒBE B. ALLEN, Appellant, *against* OTTO MEYER, Respondent.

(Decided June 4th, 1877.)

A warrant of attachment cannot be set aside on motion, where the facts stated in the affidavit on which the warrant was granted, have a legal tendency to show that the statutory ground for the attachment exists, and are such as fairly called for the exercise of the judgment of the magistrate who granted the warrant, as to their sufficiency.

Where the affidavits on which an attachment had been granted against the property of the defendant, on the ground that he had disposed of his property with intent to defraud his creditors, showed that at a time when the defendant was largely indebted, and an execution against his property was in force and unsatisfied, and he was harassed by legal proceedings, he executed, and caused to be executed at the same time, three instruments relating to certain real estate belonging to him in another county, viz:—1. A deed from himself to one S., a laborer employed by him upon the property, for a consideration as expressed of $2,000. 2. A deed from the said S. to his (defendant's) wife, for a like expressed consideration of $2000; and 3. A mortgage upon the property by his wife to himself as trustee for his mother-in-law; that after those instruments had been executed, he retained them all in his own hands for about a month, and then caused them to be all recorded, two days before the recovery against him of a judgment for a deficiency in a foreclosure suit; also, that although these instruments were drawn up in the office of the defendant, who was an attorney, yet they were not prepared according to the ordinary course of business in his office, but that he attended to their preparation personally, and did not deposit them in the safe where he usually kept such papers, and that for several months after he had made the deed to S., the defendant continued to act as owner of the property, and spoke of it as his own, and gave directions about its management, and concerning repairs to and improvements upon it, etc.

*Held*, that these facts were sufficient to sustain the granting of the attachment within the rule above laid down.

APPEAL by the plaintiff from an order of this court, made at special term by Judge ROBINSON, vacating a warrant of attachment granted by Judge JOSEPH F. DALY.

The attachment was granted on the ground that the defendant had disposed of his property with intent to defraud his creditors. The facts are stated in the opinion.

*Frank R. Lawrence*, for appellant.

*Otto Meyer*, respondent in person.

CHARLES P. DALY, Chief Justice.—The attachment could not be set aside upon motion, if there were enough in the affidavit to give the judge who granted it jurisdiction. The question is not whether his conclusion was erroneous, but whether the facts and circumstances stated in the affidavit had a legal tendency to make out the charge, and fairly call upon him for the exercise of his judgment. If they had, the attachment could not be vacated upon motion. The facts stated in the affidavit may be so slight and inconclusive, that the attachment would upon appeal be reversed, but that would not justify setting it aside as void. (*Skinnon* v. *Kelley*, 18 N. Y. 355 ; *Schoonmaker* v. *Spencer*, 54 id. 366 ; *Van Alstyne* v. *Erwine*, 11 id. 340 and 341; *In the Matter of Faulkner*, 4 Hill, 598 ; *Niles* v. *Vanderzee*, 14 How. Pr. 547 ; *Easton* v. *Malavazi*, *ante* 146.)

The affidavit, in my opinion, came fully within this rule; there was enough stated in it to give the judge jurisdiction, and if he erred in granting it, the remedy was by appeal.

Some of the circumstances set forth in the affidavit, are stated upon information and belief; but as the information upon which the belief was founded is not stated, these circumstances must be disregarded. But there were sufficient facts positively sworn to, to fairly call for an exercise of judgment. The following facts are positively sworn to:— That the defendant Otto Meyer is an attorney-at-law, doing business in this city, and that Ray, who made the principal affidavit upon which the attachment was granted, was a managing clerk in the defendant's office ; that on and before the 20th of July, 1875, the defendant was insolvent and unable to pay his debts ; that a judgment had been recovered against him in the Superior Court for $1430 21, for the unpaid rent of his law office, upon which an execution had issued, which was then unsatisfied; that two judgments for the foreclosure of real estate belonging to him were recovered in this court, and that in the sale made under these

judgments shortly afterwards, there was a deficiency of several thousand dollars; and that he was then owing debts to a large amount to different persons; and that other legal proceedings were pending against him; that on July 20, 1875, he prepared a conveyance for himself and his wife, of certain property belonging to him in Jamaica, Long Island, to one Steiger, who was then employed by him on this property as a laborer, which conveyance was for the nominal consideration of $2,000; that he also prepared a deed of said property by Steiger to his (the defendant's) wife for the said nominal consideration of $2,000; and then a mortgage from the wife to him, upon said property, as trustee for his wife's mother; that after he had prepared these several instruments, he had them executed and acknowledged, and retained them in his possession until August 25, 1875, when he had them recorded in the county clerk's office of Queen's county, which was two days before the recovery of the judgment for the deficiency in the foreclosure suits; that the manner in which these instruments were prepared by him was unusual, such business being generally done in his office by Ray, the managing clerk, who made the deposition; that Ray generally prepared such instruments in the office under the defendant's direction, and attended to the recording of them, but in this instance, Meyer prepared these instruments himself, with the aid of a copyist, and attended himself to the recording of them, and that after they were recorded, they were taken away by him from the office, and not placed in the safe in the office where such instruments were generally kept; and that finally, notwithstanding this apparent change of ownership, Meyer continued for several months thereafter to act as owner of the property, which he had so transferred to Steiger; that he spoke of it repeatedly as his property to several persons, and gave directions to several laborers and workmen, one of whom was Steiger, the grantee and grantor, respecting the management of it, and for repairs and improvements upon it, and continued preparations, which he had previously commenced, to remove from this city to the said property to reside upon it.

The attachment was granted upon the ground that the defendant had disposed of his property with intent to defraud his creditors, and these facts certainly had, in the language of the cases, a legal tendency to make out the charge that he had disposed of his property with such an intent.

These facts were sufficient to give the judge who granted the attachment jurisdiction, and call for the exercise of his judgment as to their sufficiency to establish *prima facie*, that the defendant had disposed of his property with such an intent. The attachment, therefore, could not be vacated upon motion, upon the ground that there was not sufficient upon the face of the affidavit to give the officer jurisdiction to grant it. See, also, *Miller* v. *Adams*, 52 N. Y. 409, and *Harman* v. *Brotherson*, 1 Den. 537.

The order setting it aside should therefore be reversed.

LARREMORE and JOSEPH F. DALY, JJ., concurred.

Order reversed.