P. FRANCIS HUGHES, Appellant, *v.* THE VERMONT COPPER MINING COMPANY, Respondent.

One claiming to be a shareholder in a corporation, but who is not recognized as such by the corporation, and who has elected to treat the refusal of the corporation to recognize him as a conversion of his shares, and has brought an action against it for such conversion, cannot during the pendency of the action, nor can his assignee, sue for dividends.

As to whether such a claimant can, under any circumstances, maintain an action against the company for dividends before he has legally established his right to the shares, *quære.*

(Argued December 10, 1877; decided January 29, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court on trial without a jury. (Mem. of decision below, 7 Hun, 677.)

The nature of the action and the facts are set forth in the opinion.

*John Flanders*, for appellant.    Plaintiff was not estopped from bringing this action. (Story's Eq. Jur., § 389; *Lawrence* v. *Brown*, 1 Seld., 395; *Jewett* v. *Miller*, 10 N. Y., 402; *Brewster* v. *Striker*, 2 id., 19; *Chaut. Bk.* v. *White*, 2 Seld., 237; *M. & B. Plk. Road* v. *Supham*, 18 Barb., 312; *Perry* v. *City of Worcester*, 6 Gray, 574.)    Plaintiff was entitled to the dividends of the Cutting and Smith shares. (*Romaine* v. *Allen*, 25 N. Y., 313; Yelverton 67, 6 J. R., 68, 168; 1 id., 290; *Osterhout* v. *Roberts*, 8 Cow., 431; *Robinson* v. *Weeks*, 6 How. Pr., 161; *Davis* v. *Bk. of England*, 2 Bing., 393.)

*Moses Ely*, for respondent.

RAPALLO, J.    This action was brought to recover dividends on 2,536 shares of the capital stock of the defendant, declared in the years 1869 and 1872.    The defendant is a Vermont corporation having a capital stock of $500,000.

The plaintiff claims that one Ormsby acquired title to the shares upon which the dividends in question were declared, by virtue of sales thereof to him, pursuant to the laws of Vermont, under executions against F. Cutting and I. E. Smith, in 1867, and that Ormsby had assigned his claim for the dividends in question to the plaintiff. The complaint alleges that Cutting and Smith were at the time of the execution sales the owners and holders of the shares, and shows that, under the laws of Vermont, the title to shares sold under execution against the holder, passes to the purchaser by delivery to the clerk of the corporation of a copy of the execution and of the officer's return thereon showing the fact of the sale.

The answer sets up that Cutting and Smith became owners of the shares in 1853, and that long before the execution sales, viz., in 1856, the shares belonging to Smith were sold by the corporation, by public auction, on notice to Smith, pursuant to the by-laws of the company, for non-payment of certain assessments. That they were sold to a person other than Smith, and new certificates therefor were immediately issued by the company to the purchaser, who thenceforth was permitted by the company, without objection from Smith, to take, and took the place of Smith as owner of the shares, to the exclusion of Smith, and the company thereupon canceled the certificates previously issued to Smith, and thenceforth Smith ceased to stand on the books of the company as the owner of the shares, and ceased to act as a member of such company, and ceased to be the owner of said stock, and that the plaintiff's assignor had notice of these facts when he purchased the shares of Smith.

The answer contained similar allegations respecting the shares of Cutting, except that his shares were sold in 1857. It also shows that the meetings at which the assessments were imposed on the shares of Cutting & Smith, and the sales thereof were ordered, were held in the city of New York.

It is further alleged in the answer that shortly after the purchase by Ormsby at the execution sales, and long before

the declaration of any of the dividends claimed in the complaint, Ormsby presented the evidences of his pretended title to the stock to the company, and demanded a transfer to him on the books, but that the company refused to permit such transfer, or to recognize him as the owner of any of the shares, or to admit him to membership, and denied his ownership of the shares, and long before the dividends were declared Ormsby elected to treat such acts of the company as a conversion of said shares to their own use, and brought an action against the company in one of the courts of the State of Vermont for the recovery of damages for such conversion, which action is still pending. We held in the case of *Ormsby* against the same defendant (56 N. Y., 623), that assessments imposed at meetings of the directors held in New York were illegal, and sales for such assessments were invalid.

On the trial of this action the allegations of the answer were admitted to be true. The court at Special Term rendered judgment for the defendant, which was affirmed at General Term on the ground that Ormsby, the plaintiff's assignor, by bringing his action of trover for the conversion of the shares, elected that remedy and precluded himself from claiming the rights of a stockholder.

The admitted facts show that at the time of the declaration of the dividends now sued for, Ormsby, the plaintiff's assignor, was not a shareholder on the books of the company; that he had never been recognized by the company as such shareholder, and that other parties were recognized by the company as holders of the shares claimed by him; that before the declaration of the dividends he had elected to treat the refusal of the company to recognize him as a shareholder as an appropriation of his shares, and as excluding him from membership in the corporation, and had brought an action against the company to recover all the damages caused by such exclusion. In this state of affairs, his action being still pending, the company declared dividends upon its capital stock, to be divided among the holders thereof. It cannot be presumed that any dividend was declared, except

upon the shares appearing upon the books of the company, and in favor of the holders of such shares, or that the profits to be divided exceeded the dividends payable in respect of such shares.   Ormsby having elected to be deemed excluded from his alleged rights as a stockholder, and having brought his action for damages for such exclusion, could not at the same time claim to be treated as a stockholder, and entitled to receive the dividends on the shares of which he claimed to have been unjustly deprived.   The company had the right to regard him as having elected to rely upon his claim for damages, and to divide its profits among those who were recognized as shareholders.   Its capital was limited, and it had no right to divide anything except profits.   If Ormsby had elected to proceed to enforce his rights as a member of the corporation, and to implead the adverse claimants of the shares, the company might have refrained from declaring dividends on the shares in dispute until the question of title was settled; but after he had brought his action for damages, they had the right to treat him as abandoning any claim for the specific shares, and reposing upon his right to compensation for their value in damages.   The claims for such compensation, and for the current dividends, are inconsistent.   It is by no means certain that a party claiming to be a shareholder, but not recognized as such by the corporation, can under any circumstances maintain an action against the company for dividends, before he has legally established his title to the shares.   There are many difficulties in the way of sustaining such an action, but we are quite clear that after he has elected to treat his shares as converted by the corporation, and brought an action against it for such conversion, he cannot during the pendency of that action sue for dividends.

The plaintiff, of course, can have no greater rights than Ormsby, his assignor, and cannot, we think, maintain this action.

The judgment should be affirmed.

All concur.

Judgment affirmed.