FIRST NAT. BANK OF MARIETTA, PA., *v.* BUSHWICK CHEMICAL WORKS.

(*Supreme Court, Special Term, New York County.*   March 18, 1889.)

1. ATTACHMENT—AFFIDAVIT OF NO SET-OFF.
   The sworn statement of defendant's treasurer and former clerk of a firm intimately associated in business with defendant, made in other proceedings, that the note here sued on, executed by defendant, was an existing liability against such firm, who had indorsed it, tends strongly to corroborate the affirmation of the attorney, upon whose affidavit the attachment herein was obtained, that there were no offsets or counter-claims against the note.

2. SAME—AFFIDAVIT OF FRAUDULENT DISPOSITION.
   Where the facts stated in the affidavit upon which an attachment is granted are *prima facie* sufficient to show that the defendant has disposed of its property with intent to defraud its creditors, and there is no explanation of such facts, the attachment will not be disturbed.

At chambers.   On motion to vacate attachment.

The affidavit upon which the attachment herein was granted is, so far as material, as follows: "And deponent further says that the defendant, the Bushwick Chemical Works, has disposed of its property with intent to defraud its creditors and the plaintiff, and that the judgment hereinafter mentioned, obtained by the Buffalo Chemical Works against the defendant, the Bushwick Chemical Works, was so obtained and recovered by fraud and collusion between them, and with the intent to cheat and defraud the creditors

of the Bushwick Chemical Works and this plaintiff, and deponent's knowledge thereof is derived from the following facts and circumstances: That the Buffalo Chemical Works, at the times herein mentioned, was, and is still, a domestic corporation, created and existing under and pursuant to the provisions of an act of the state of New York entitled 'An act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes,' passed February 17, 1848, having its principal office in the city of New York. That on the 31st day of December, 1886, the said Buffalo Chemical Works commenced an action in the supreme court of Kings county against the said defendant, Bushwick Chemical Works. That said action was commenced by the service of the summons and complaint on that day. That on the same day an answer was served to the complaint in that action. That on the same day, which was on a Friday, an order to show cause was obtained from one of the justices of the supreme court, returnable on the 3d day of January, 1887, that being the first judicial day after the service of the said summons, complaint, and answer, why the plaintiff therein should not have judgment on the ground of the frivolousness of said answer, and judgment was ordered on the 3d day of January, 1887, on which day the judgment was entered therein in favor of the said Buffalo Chemical Works against the said defendant, the Bushwick Chemical Works, for the sum of ninety-six thousand five hundred and seventy-two dollars and forty cents damages and costs, and a transcript thereof was on said 3d day of January, 1887, filed in the office of the clerk of the city of New York. That a copy of the judgment roll in said action is hereunto annexed, and marked 'No. 2.' and forms part of this affidavit. That Albert M. Kalbfleisch, who verified the affidavit to the complaint in said action, as president of the said Buffalo Chemical Works, was at the time a director or trustee of the said Bushwick Chemical Works, and Franklin H. Kalbfleisch, who verified the answer of the Bushwick Chemical Works in said action as president thereof, was at the time a director or trustee of the Buffalo Chemical Works, and its vice-president; and the said Albert M. Kalbfleisch, Franklin H. Kalbfleisch, and the said Charles H. Kalbfleisch were at the time partners composing the said firm of Martin Kalbfleisch's Sons; and that the said Albert M. Kalbfleisch, Franklin H. Kalbfleisch, and Charles H. Kalbfleisch were, with one Theodore V. Fowler, sole trustees or directors of the Buffalo Chemical Works, and the owners of nearly its entire stock; and that the said Theodore V. Fowler was the secretary and treasurer thereof, and at the same time a clerk in the employ of the said Martin Kalbfleisch's Sons. That the three Kalbfleischs above named, with one Leander T. Savage, were at the time sole trustees or directors of the Bushwick Chemical Works, and the owners of all its stock, and the said Leander T. Savage was the secretary and treasurer thereof, and at the same time was a clerk in the employ of the said Martin Kalbfleisch's Sons, and the office or principal place of business of the said Bushwick Chemical Works, Buffalo Chemical Works, and the said Martin Kalbfleisch's Sons was at No. 55 Fulton street, in the city of New York. That before and at the time the said Buffalo Chemical Works recovered said judgment against the Bushwick Chemical Works the latter was, and still is, the owner in fee-simple of two pieces of land of great value, with the buildings thereon, situated in Brooklyn, Kings county, being the place where the said Bushwick Chemical Works had its factory, and the said Bushwick Chemical Works was at that time, and still is, the owner in fee-simple of valuable real estate known as 'No. 55 Fulton Street' and 'No. 45 Cliff Street,' in the city of New York, on which said real estate the said fraudulent judgment so obtained by the Buffalo Chemical Works became and still is a lien. That at the time of the commencement of said action by the Buffalo Chemical Works against the Bushwick Chemical Works, to-wit, on the 31st day of December, 1886, the said Bushwick Chemical Works was then, and had been since the month of July, 1886, and still is, insolvent.

That the said Bushwick Chemical Works made its promissory note dated March 26, 1886, payable four months after date, for the sum of fifty-nine hundred and forty-three 76-100 dollars, which it failed to pay, and that said note is in deponent's possession, and that the same was and is owned by the Merchants' National Bank of Burlington, Vt.; and that said bank afterwards, and on the 10th day of April, in the supreme court, at the city of New York, recovered judgment thereon against the said Bushwick Chemical Works for the sum of $6,574.26 damages and costs. That on the 5th November, 1886, in the supreme court of the city and county of New York, the Third National Bank of Springfield recovered judgment against the Bushwick Chemical Works on a note by the latter for the sum of $5,674.50. That on the 4th day of November the Easton National Bank commenced an action in the supreme court of the city of New York against the Bushwick Chemical Works, to recover on one of the notes of the latter; and afterwards, on the 11th day of March, 1887, the said last-mentioned bank recovered judgment against the Bushwick Chemical Works thereon for the sum of $6,182.06 damages and costs. That on the 2d January, 1887, the First National Bank of Cooperstown commenced an action in the supreme court at the city and county of New York against the said Bushwick Chemical Works on five promissory notes of the latter, and on the 11th March, 1887, the said last-mentioned bank recovered judgment thereon against the said Bushwick Chemical Works for the sum of $29,543.46, damages and costs. That the nineteen promissory notes mentioned and described in the complaint of the Buffalo Chemical Works, amounting to $95,000 against the Bushwick Chemical Works, were not only accommodation paper made by the latter as alleged in its answer to said complaint, but were in fact an indebtedness of the Buffalo Chemical Works. That by an agreement bearing date the 5th day of August, 1886, executed between the Buffalo Chemical Works, Charles H. Kalbfleisch, Albert M. Kalbfleisch, and Franklin H. Kalbfleisch, composing the firm of Martin Kalbfleisch's Sons of the first part, and the Manufacturers' & Traders' Bank, the Bank of Attica, and the Third National Bank, all of the city of Buffalo, and hereinafter called 'The Banks,' of the second part, which said agreement was filed in the office of the clerk of the county of Kings, on the 4th day of September, 1886, a copy of which is hereunto annexed and marked 'No. 3,' and forms part of this affidavit, the said nineteen notes constitute a part of the indebtedness there mentioned. That in the recitals of said agreement are the following: 'Whereas, the banks above mentioned hold certain promissory notes and sight-drafts which they discounted, with the understanding upon their part that the proceeds of the discounts were for the benefit of and were applied to the use of the Buffalo Chemical Works, the greater part of the capital stock is an asset of said firm of Martin Kalbfleisch's Sons; and whereas, the said firm of Martin Kalbfleisch's Sons have since the Buffalo Chemical Works commenced business sold its goods and received the proceeds thereof, and have furnished it with what money it has needed for the constructions, supplies, and operating expenses, either from the funds of said firm or from funds raised for that purpose; and whereas, it is deemed equitable and just, by and between the parties hereto, that all the paper held by the banks heretofore referred to should, as between the parties of the first part, be deemed to be the indebtedness of the Buffalo Chemical Works, and should be cared for by it,' as appears in and by said agreement. That afterwards a mortgage, bearing date the 16th day of August, 1886, was executed between the Buffalo Chemical Works of the first part, and Pascal P. Pratt of the second part, and the said nineteen notes form part of the indebtedness therein mentioned, and were secured and paid by said Buffalo Chemical Works, which mortgage was recorded in Erie county clerk's office in Liber 418 of Mortgages, at page 608, September 4, 1886, a copy of all which is hereunto annexed, marked 'No. 4,' and forms part of this affidavit."

*C. Bainbridge Smith*, for plaintiff.   *Burnett & Whitney*, for defendant.

LAWRENCE, J.   In this case, after examining all the affidavits submitted, I am of the opinion that I ought not to vacate the attachment issued by Mr. Justice PATTERSON.   It is distinctly stated in the affidavits upon which the attachment was granted that the amount due was over and above all counter-claims, and while the affidavit is made by the attorney, the plaintiff being a foreign corporation, facts and circumstances are stated therein which tend most strongly to show not only that the statement as to counter-claims is true, but also that the defendant has disposed of its property with intent to defraud its creditors.   The relations between the Buffalo Chemical Works and the Bushwick Chemical Works and the late firm of Martin Kalbfleisch's Sons are minutely detailed, and the sources of such information are shown to be a judgment on the files of this court in the county of Kings, and the circumstances attending the obtaining and rendition of that judgment.   It is also shown that in and by a report rendered by one of the officers of this court as referee it appeared that Leander T. Savage, who was at the times mentioned in said affidavit treasurer of the defendant, the Bushwick Chemical Works, and a clerk, before the appointment of the receiver, with the firm of Martin Kalbfleisch's Sons, was sworn in the proceedings before said referee, and that he produced a list of claims against said firm, and among others was the note which is the subject of this action, which was made by the defendant, the Bushwick Chemical Works, and indorsed by said firm.   From his position as the treasurer of the said defendant, the Bushwick Chemical Works, said Savage must have known whether or not the said note was an existing liability of said corporation, and whether there were any offsets against it, and the fact that he swore that it was an existing liability of said firm tends most strongly to corroborate the affirmation of the attorney upon whose affidavit the attachment was obtained that there were no offsets or counter-claims against it.   In this respect the case differs from the cases referred to in the brief of the counsel for the defendant, and it seems to fall rather within the principles enunciated in the cases of *Bank* v. *Voisin*, 44 Hun, 85, and *Gribbonn* v. *Back*, 35 Hun, 542, and *Hamilton* v. *Steck, post,* 831.   It seems to me, also, that the facts stated in the affidavit upon which the attachment was granted are *prima facie* sufficient to establish that the defendant, the Bushwick Chemical Works, has disposed of its property with intent to defraud its creditors, and that in the absence of any explanation of the facts contained in the plaintiff's affidavit, tending to show such fraudulent disposition, the attachment should not be disturbed.   *McCullough* v. *Moss*, 5 Denio, 567; *Bank* v. *Bank*, 13 N. Y. 315; *State of Michigan* v. *Bank*, 33 N. Y. 125; *Decker* v. *Decker*, 108 N. Y. 128, 15 N. E. Rep. 307; *West* v. *Manufacturing Co.*, 44 Hun, 623, *mem.; Bank* v. *Elliott*, 42 Hun, 121, 128.   Deeming, as I do, that the sources of information upon which the attorney for the plaintiffs acted in making the affidavit upon which the attachment was obtained are sufficiently disclosed by him, and that the records and testimony referred to by him *prima facie* corroborate his statement of the essential facts upon which the right to the attachment is based, I conclude that the learned justice was right in issuing the warrant, and that until the *prima facie* case for an attachment has been overthrown by opposing affidavits it ought not to be vacated.   See *Allen* v. *Meyer*, 7 Daly, 229; *Easton* v. *Malavazi*, Id. 147.   Motion denied, with costs.