(3 Misc. Rep. 66.)

CONDOURIS v. IMPERIAL TURKISH TOBACCO & CIGARETTE CO.

(Common Pleas of New York City and County, General Term.   March 14, 1893.)

1. CONVERSION—CORPORATE STOCK—ACTION AGAINST CORPORATION.
    An action lies against a corporation for the conversion of its own stock.
2. SAME—CONVERSION OF CERTIFICATE—EFFECT.
    A conversion of a certificate of stock is, in legal effect, a conversion of the stock.
3. ATTACHMENT—FOREIGN CORPORATION.
    An attachment goes against a foreign corporation for the conversion of its own stock.
4. SAME—MOTION TO VACATE.
    When the defendant applies, upon the plaintiff's papers alone, to vacate an attachment, the motion should be denied if these papers exhibit all the elements of an action for conversion.

**5. SAME—AVERRING CONTRACT.**

On such motion, in alleging a contract, it suffices to state its legal sub-stance and effect; and if it be in writing it is not necessary to produce the original or a copy.

(Syllabus by the Court.)

Appeal from special term.

Trover by Spiros Condouris against the Imperial Turkish Tobacco & Cigarette Company. From an order vacating a warrant of attachment, plaintiff appeals. Reversed.

Argued before PRYOR and GIEGERICH, JJ.

Blackwell Bros., (George E. Blackwell, of counsel,) for appellant. Baldwin & Blackmar, (Abel E. Blackmar, of counsel,) for respondent.

PRYOR, J. The appeal is from an order vacating a warrant of attachment. As the motion to vacate proceeded on the papers upon which the attachment issued, it was in the nature of a demurrer, and in the disposition of the appeal we are to assume every fact apparent in those papers. The grounds of the attachment were that the defendant is a foreign corporation, and had converted personal property of the plaintiff. The facts exhibited are that by an agreement in writing the defendants employed the plaintiff for a year from November 19, 1891, at an annual salary of $1,200, payable in weekly installments; that plaintiff stipulated to deposit with the defendant a certificate for 50 shares of the capital stock of defendant company, and to leave the same with the defendant, as security for the faithful performance of his duties, and in the mean while that he would not sell or pledge the stock; that plaintiff duly performed all the conditions of the said agreement on his part, and on the 19th November, 1891, duly indorsed, deposited, and left with the defendant the said certificate of stock; that the plaintiff faithfully served the defendant as its employe until the 4th day of June, 1892; that ever since the 23d day of April, 1892, the defendant has failed and refused to pay the salary of the plaintiff; that, as the president of the defendant company had instructed its treasurer not to pay any further salary to the plaintiff, and the defendant wholly refused to keep its agreement in that respect, the plaintiff was obliged to and had determined to seek other employment; that thereupon the plaintiff duly demanded the return of his said certificate of stock, but the defendant refused, and still refuses, to deliver it to him, and has converted it to the defendant's own use; that the value of said stock is $5,000; and that the action is brought for the conversion of the stock. That an apparent cause of action is the indispensable condition of an attachment is true enough, (Reilly v. Sisson, 31 Hun, 572;) but wherein is the statement of fact presented by the plaintiff insufficient to show a right of recovery in trover? The certificate was the property of the plaintiff. It was deposited with the defendant as security for the faithful discharge of plaintiff's duties during the stipulated period of his employment. He did faithfully discharge those duties. Nevertheless the defendant wrongfully

refused to pay his salary, and declared its purpose to persist in that refusal. This repudiation of the agreement by the defendant authorized the plaintiff, at his election, to treat the contract as rescinded. He did so treat it, and accordingly demanded the return of his certificate, which was refused; and the defendant converted the stock to its own use, to the plaintiff's damage in the sum of $5,000. Here, beyond question, are grouped together all the elements of an action for conversion. It cannot be said that non constat but defendant retained the certificate for some past default of the plaintiff, for the allegation is that he faithfully discharged the duties of his employment. It may not be objected that non constat but plaintiff is still in the service of the defendant, and that so defendant has a right to retain the certificate as security against his future delinquencies; for the unequivocal averment is that on the repudiation of the agreement by the defendant he determined to seek other employment, and remained with the defendant no longer than the 4th of June, 1892. It cannot be contended that the plaintiff failed to notify the defendant of his election to accept its refusal to perform as a rescission of the contract, for the demand of the certificate was the legal equivalent of such notice. But, indeed, notice of his election was not necessary to the rescission. Ripley v. Hazelton, 3 Daly, 329. It cannot be argued that a certificate of stock, or the stock itself, is not the subject of conversion, for the contrary proposition is established by irresistible authority. Anderson v. Nicholas, 28 N. Y. 600; McAllister v. Kuhn, 96 U. S. 87, 89; Budd v. Railway Co., (Or.) 7 Pac. Rep. 99; Payne v. Elliot, 54 Cal. 339; Daggett v. Davis, (Mich.) 18 N. W. Rep. 548, per Cooley, C. J.; Hughes v. Mining Co., 72 N. Y. 207. It cannot be pretended that the stock in controversy was not the subject of conversion, because non constat that the certificate was available for an appropriation of the stock to the defendant's use, (Daggett v. Davis, supra,) for the allegation is that the certificate was duly indorsed by the plaintiff.

But the defendant challenges the sufficiency of the complaint upon three grounds:

1. That the affidavit does not disclose by legal evidence a cause of action, since not the ipsissima verba, but only the substance and effect, of the contract between the parties are set forth. The contention is invalid, because—First, non constat but that the very terms of the agreement are reproduced in the language of the affidavit; second, an affidavit on attachment need only show a right of recovery, and in pleading a contract it may be stated according to its legal effect. Indeed, a verified complaint is itself sufficient as an affidavit. Code, § 3343, subd. 11. The allegation of the affidavit is clearly adequate. Allen v. Meyer, 7 Daly, 229; Lanier v. Bank, 9 Civil Proc. R. 161; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. Rep. 263.

2. That the right of the defendant to the custody of the certificate was not only as security for the good conduct of the plaintiff, but also to prevent his selling or pledging it during the stipulated period of his employment, namely, for 12 months; and that, as

that period has not yet elapsed, the defendant may still retain the certificate as a safeguard against such transfer. The meaning of the contract indisputably is that the plaintiff should not, by a transfer of the title of the stock, make it an illusory security for his fidelity; and so the defendant's interest in its possession was commensurate only with the term of his actual employment. Inevitably the rescission of the agreement and the cessation of the employment determined defendant's right to retain the certificate.

3. That the refusal of the defendant to deliver the certificate was not a conversion of the stock. If the proposition be true, it is nothing to the purpose, for a conversion of the certificate is actionable, and entitles to damages to the value of the stock. Daggett v. Davis, (Mich.) 18 N. W. Rep. 548. The corporation "is not in any sense the owner of the shares, those being vested in the individual proprietors," (Denio, J., in Bank of Attica v. Manufacturers' & Traders' Bank, 20 N. Y. 501, 505;) and the conversion of the certificate by the defendant was a conversion of the stock, (Anderson v. Nicholas, McAllister v. Kuhn, Budd v. Railway Co., Daggett v. Davis, supra; Arnold v. Bank, 27 Barb. 424, 427; Boone, Corp. § 122.)

It is objected that a recovery by plaintiff and a satisfaction of the judgment will vest the title to the stock in the defendant, contrary to the statute which forbids a corporation "to apply any portion of its funds, except surplus profits, to the purchase of its own stock;" but clearly here would be no purchase of its stock by the defendant, and no application of its funds to such purchase. The effect of a judgment and satisfaction in assumpsit for refusal to transfer its stock is to vest the property in the corporation, but this consequence is no answer to the action. Bank v. Kortright, 22 Wend. 348, and citations in note to the case, 34 Amer. Dec. 329; Comeau v. Oil Co., 3 Daly, 218, 220. The papers upon which the warrant of attachment issued were sufficient to sustain it, and it should not have been vacated. Allen v. Meyer, 7 Daly, 229; Easton v. Malavazi, Id. 147. Order reversed, with costs.