(119 App. Div. 368)

### ROESSLE v. LANCASTER.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. BILLS AND NOTES—FRAUD—DEFENSE—CONDITIONS PRECEDENT.

In an action on a note by the payee against an indorser, the defense that the indorsement was procured through the fraudulent representations of the payee is available, without the indorser offering to rescind the maker's contract or restore the consideration for the note; the contract of the indorser being distinct and independent from the contract of the maker.

2. SAME—PLEADING—ALLEGATIONS OF FRAUD—SUFFICIENCY.

In an action on a note by the payee against an indorser, an answer that the indorser was induced to become an indorser through the fraudulent representations made by the payee, and that but for such representations, which the indorser believed to be true, he would not have indorsed the note, sufficiently shows that the representations were material.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1524.]

3. SAME.

In an action on a note by the payee against an indorser, the defense that the indorsement was procured by the fraudulent representations of the payee is available, without alleging actual damages sustained by the indorser.

Appeal from Trial Term, New York County.

Action by Elwood O. Roessle against Frederick J. Lancaster. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles F. Brown, for appellant.
John Ewen, for respondent.

SCOTT, J. This action is against defendant as indorser of a promissory note made by Albert R. Keen to plaintiff. The making of the note and plaintiff's title are admitted. The defense upon which defendant relies is that he was induced to become an indorser through false and fraudulent representations made to him· by plaintiff, and that but for such representations, which he believed to be true, he would not have indorsed the note. The answer contains no allegation of rescission or offer to rescind, and there is no statement or allegation of damage. At the trial, on the answer and the defendant's opening, a verdict was directed in favor of plaintiff, and this appeal is from the judgment entered upon that verdict.

We think that the learned court below failed to observe the distinction between an affirmative action for damages for false representation wherein damage is a necessary allegation, or an affirmative defense, upon the same ground, to an action upon an executed contract, wherein an offer to return or rescind is necessary, and an action like the present, where an action upon an executory contract is defended upon the ground that the contract was induced by false representations. The contract upon which defendant is now sued, and which he seeks to repudiate, is his own contract with the payee of the note. He is not a joint contractor with the maker, and his contract is separate and distinct from, and independent of, the maker's contract as maker. Consequently he is not limited in his defenses to those which the maker might interpose, if sued upon his contract; nor is the indorser's liability dependent entirely upon the question as to whether or not the maker is legally liable. Therefore, in interposing the defense involved in this action, it is not necessary to offer to rescind the maker's contract or to restore that which the maker may have received as consideration for the note. It appears from the answer and from the opening of counsel that this defendant did not receive any part of the furniture which constituted the consideration for the note. So far as appears the defendant received no consideration from plaintiff, valuable or otherwise, unless the representations, now alleged to be false, can be. considered as in the nature of consideration. Ripley v. Hazelton, 3 Daly, 329. Having received nothing, there is nothing for the defendant to restore. That the representations were material is sufficiently shown by the allegation that, save for them, defendant would not have indorsed the note.

If, then, there was no necessity to plead a rescission and an offer to refund, the only question remaining·is whether or not the defendant should have specifically alleged damages. Injury is presumed from the falsity of the representations, and if the action were against the plaintiff for damages, or the defense was interposed to an executed contract, an allegation of damage would be necessary. Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376. The defendant's contract with plaintiff, evidenced by defendant's indorsement of the note, is in effect that of a surety for the maker of the note (1 Daniel on Neg. Inst. [5th Ed.] p. 632), and, as already pointed out, is quite distinct from the contract of the maker (Ross v. Jones, 22 Wall. [U. S.] 576, 22 L. Ed. 730; Moore v. Alexander, 63 App. Div. 100, 71 N. Y. Supp. 420).

In an action against a surety, upon his contract of suretyship it is a complete defense to show that he was induced to enter into the contract by false representations on the part of the plaintiff. Baylies on Sureties and Guarantors, p. 424; 1 Brandt on Suretyship and Guarantors (3d Ed.) § 447; Daniel on Neg. Inst. (5th Ed.) §§ 1308, 1309. An allegation of actual damage is not essential to such a defense, which rests upon the ground that fraud vitiates all contracts, and that contracts of guaranty and suretyship form no exception to the rule. The defense, therefore, as pleaded, was sufficient, and it was error to direct a verdict for the plaintiff.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.