ROTH v. BAUM et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

CONTRACTS ⬥266—DEFENSES—WANT OF CONSIDERATION—FRAUD.

Where defendants asserted plaintiff obtained a note by fraudulent representations that he had made advances to a corporation in which all were interested, they need not, as a condition to asserting the defense, return corporate stock delivered by plaintiff, where it was worthless and the corporation was insolvent.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1186; Dec. Dig. ⬥266.]

Appeal from City Court of New York, Trial Term.

Action by Al S. Roth against Joseph M. Baum and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Max Horowitz, of New York City, for appellants.

O'Brien, Malevinsky & Driscoll, of New York City (M. L. Malevinsky, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued upon a promissory note made by defendants. The defense interposed was that the note had been given to plaintiff substantially on his representations that certain sums were due him from a corporation in which all the parties were interested to repay plaintiff for certain expenditures made by him, which representations were false, and known by plaintiff to be so. This defense,

which is not presented as a counterclaim, was good. Roessle v. Lancaster, 119 App. Div. 368, 104 N. Y. Supp. 217; Bennett v. Edison Illuminating Co., 164 N. Y. 131, 58 N. E. 7.

While, ordinarily, a party availing of this defense must tender or return what he has received under the contract induced by the alleged fraud, that is not necessary where what he has received is worthless. Gould v. Cayuga Bank, 86 N. Y. 75, 81. It sufficiently appears from the evidence that the stock of the corporation surrendered by the plaintiff to defendants was valueless, in that the corporation was shown to be insolvent, and, so far as plaintiff's resignation of his position as managing director of such corporation is concerned, not only does the same consideration show that his claim, if any, for compensation for further employment, was valueless, but there is no proof that he was employed for any definite term.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.